## No. 5981.

### CITY OF NEW ORLEANS vs. L. MADISON DAY.

Former statutes, providing for the collection of "back taxes," not being in conflict with act No. 96 of the extra session of 1877, which only refers to future taxes, are not repealed by it.

The assessment of a tax against an individual, creates, not merely a lien on his property, but also a personal obligation to the full amount of the tax.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J.

*Samuel P. Blanc*, Assistant City Attorney, for plaintiff and appellee.
*Bentick Egan*, for defendant.

The opinion of the court was delivered by

SPENCER, J.  This is a suit to recover city taxes on three pieces of property in New Orleans.

The property is described on the assessment roll as follows:

First piece.—" Square No. 227, Common, Baronne, Gravier, and Caron-delet streets.  Name of person—L. Madison Day.  Streets—Corner Caron-delet and Baronne.  No. of lot—One.  Measurement—22 by 119."

Second piece.—" Square No. 45, Perrier, Prytania, Nashville Avenue and Eleanor streets, Hurtville.—Name of person—L. Madison Day.  Streets—One square.  Measurement—240 by 300."

Third piece.—"Square No. 63"—giving in a similar way its bounds and measurements.

In these assessments, in a column marked "value of real estate," we find entered in figures, as follows:  For first piece " 35,000," for second piece " 1000," and for third piece " 12,000."

The defendant answering, contends that these assessment are void; first, because there is no sufficient description of the property, and, second, because the value, as denoted by the figures, is uncertain and unmeaning, having no indications of what is meant by the figures used. As regards the first objection, it is so manifestly unfounded as to need no comment.  The number and bounds of the squares, the number and measures of the lots are given.  We are at a loss to conceive what more could be stated in order to describe the property.  The objection that in giving the dimension or measurements, it does not appear whether the figures used mean feet, yards, or miles, is frivolous.

We think the second objection, that the figures used to state the valuation, do not indicate whether they are dollars or cents, equally without force.  We state *values* in this country in dollars and cents. Cents are expressed in two ways, either by a decimal point before them, or by a fraction of one hundred.  As the figures used in these assess-ments either mean dollars or cents, and as they manifestly *do not indi-cate* cents, they stand for dollars.  Besides, nobody ever speaks or writes thirty-five thousand cents; they say or write three hundred and fifty dollars.

The authorities cited by defendant from the Tennessee and Illinois reports are inapplicable to his case.  They refer to cases where the property had been sold, on defective rolls, without previous trial and judgment.  Besides, the decisions of the courts of our sister States upon their several local revenue laws do not carry the weight and authority here that they would have, and no doubt deserve, when discussing sub-jects less local and peculiar.

If the figures used under the head of " valuation" did not mean dol-lars, the defendant had ample opportunity to have made it appear by

27

proof, and he should have done it, for taking a common-sense view of the tax-roll the presumption was clearly against him, and we think the court fully justified in interpreting the figures as it did.

This suit was brought against the defendant in November, 1874, for the taxes of that year. On the fifth of that month he filed his answer, and on the fourth of December following his supplemental answer. On May 19, 1875, after evidence introduced and argument, the court gave judgment for plaintiff, and defendant appealed. The defendant now insists that however right the judgment against him may have been it must now be reversed, and this suit be dismissed, because the act No. 96 of the extra session of 1877 has provided a *new mode* of collecting taxes, and that all laws providing a different mode are repealed thereby. It may be true that the Legislature has provided a new mode of collecting taxes as stated, but it does not follow that that mode is exclusive, especially as relates to back taxes. We understand that the assessment of a tax against an individual creates a personal debt against him, as well as a lien against his property. If the property of the debtor subject to the lien be from any cause insufficient to pay the tax, he is *personally* bound and liable as well for the whole tax as for any deficiency thereof, and if it be a debt due by him *personally*, we know no law or reason why he may not be sued in the courts by the corporation to whom he is indebted and condemned to pay. We understand the act No. 96 to provide a speedy remedy as *against the property itself*, but do not see that it takes away the right of the city to proceed in the courts to enforce the *personal* obligations of its debtors, and incidentally its liens on their property. Be this as it may, the law by its terms makes no *reference to back taxes*, and seems to provide *for the future;* and so far, therefore, as relates to the collection of *back taxes, the remedies* provided *in former statutes* are not necessarily "in conflict" with act No. 96, and therefore not necessarily repealed by it. We would be very loth to hold to a construction of act No. 96 which would work so manifest an injustice and injury to the public interests. As we have seen, there is no necessary conflict, and, therefore, as we hold, no repeal of the right of the city to proceed with her suits pending for delinquent taxes of past years.

It is therefore ordered and decreed that the judgment appealed from be affirmed with costs of both courts.