[No. 313.   Decided November 12, 1891.]

THE CITY OF SPOKANE FALLS, *Appellant*, v. J. J. BROWNE AND ANNA W. BROWNE, *Respondents*.

MUNICIPAL CORPORATIONS—ASSESSMENTS FOR LOCAL IMPROVEMENTS—
VALIDITY—APPEAL—NOTICE—TIME.

A party is not estopped by giving a premature and ineffectual notice of appeal, on the supposition that judgment had been rendered in the cause, from thereafter, upon the actual rendition of judgment, giving another notice and prosecuting his appeal.

Under the provision of law requiring notice of appeal to be served within six months from date of judgment, where the last day of such period of limitation falls upon Sunday, notice given upon the following day is sufficient.

In the assessment of property for taxation, the omission of the assessor to prefix the usual dollar mark to the amount of the valuation of the property, or of the taxes thereon, is not sufficient to render the assessment roll nugatory.

The provision of the organic act (Rev. St. U. S., § 1924), declaring that "all taxes shall be equal and uniform, and no distinction shall be made in the assessment between different kinds of property," etc., has reference to general taxation only, and not to special assessments for local municipal improvements. Sec. 7 of the charter of Spokane Falls (Laws 1885–6, p. 302), providing that "real estate only shall be assessed" for local improvements is, therefore, not unconstitutional.

Ordinance No. 83 of the .city of Spokane Falls, providing for including both the land and all the improvements thereon in all

assessments for the grading of streets, is void as being in contravention of § 7 of the charter of said city, authorizing assessments upon "real estate only," and assessments made under such ordinance cannot be sustained.

Where property has been assessed which should not have been placed upon the assessment roll, a court has no power to disregard it and let the assessment stand for the amount justly chargeable.

. In an action by a city to collect an assessment for the expenses of a street improvement, it can only recover by showing a strict compliance with the provisions of its charter.

*Appeal from Superior Court, Spokane County.*

The facts in this case are stated in the opinion.

*H. E. Houghton,* and *Jones, Belt & Quinn,* for appellant. *Jones & Voorhees,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—Respondents move the court to dismiss this appeal for the alleged reasons that the notice of appeal was not given within the time prescribed by law; that the statement of facts is not certified, as required by law; that the notice, or pretended notice, of appeal was never legally served; and that no transcript has been prepared and filed in this court, as required by law. The argument of counsel for respondents upon the motion was mainly directed to the objection that the notice of appeal was not filed or served in time. It is claimed by counsel that the appeal was taken by giving notice thereof in open court on the 5th day of January, 1891, and that, having abandoned that appeal, appellant could not appeal again by subsequently giving written notice. It appears from an examination of the record that on the day above mentioned the judge who tried the cause announced in open court that he found for the defendant, whereupon counsel for plaintiff, no doubt thinking that judgment in the cause had been rendered by the court, gave notice of appeal to the supreme

court. The fact is, however, that the court did not render judgment on said day, but on the 2d day of February, 1891, at which time the court filed its findings of fact and conclusions of law, and ordered the action dismissed at the cost of plaintiff. There being no judgment to appeal from, the first notice of appeal was treated by appellant as a nullity; and we do not think that by so doing appellant should be deprived of the right to appeal from the judgment by which it claims to have been injured. To hold that a party is estopped, by giving a premature and ineffectual notice, from thereafter prosecuting his appeal, would be to deprive him of a legal right upon a mere technicality, unsupported by reason, and contrary to the spirit and policy of the law. We cannot assent to such a doctrine, and therefore hold that the written notice of appeal was properly given, if not barred by lapse of time. This second notice was served on July 25, 1891, but was not filed in the office of the clerk until August 3, 1891. As the six months' limitation expired on the 2d day of August, counsel for respondents insists that the filing of the notice was one day too late. That would be true under ordinary circumstances, but in this instance the last day of the time limited fell upon Sunday, and, according to the rule of computation prescribed by the legislature, that day must be excluded. See Code Wash. § 743. The notice was therefore served and filed in time. The remaining objections to the statement of facts are not well taken. The certificate to the statement of facts is sufficient, and the amended proof of service of the notice of appeal shows that it was not served on Sunday, as claimed by respondents. The motion to strike the statement is denied.

### ON THE MERITS.

This was an action to enforce the collection of a local assessment charged upon the property of respondents for

grading Second street in the city of Spokane Falls. The court below rendered judgment in favor of defendants dismissing the action, and for costs, from which the city appealed, and the cause is now here for review. Among other allegations of the complaint not necessary to be stated, are the following:

"*Second:* That, between the 29th day of May, 1888, and the 14th day of September, 1888, by virtue and in pursuance of the following ordinance of the said city, plaintiff, to wit, ordinance No. 155, entitled 'An ordinance to provide for the grading of Second street between the east line of Washington street and the west line of Chestnut street,' passed by the city council of said city May 29, 1888; and an ordinance, No. 33, entitled 'An ordinance prescribing the mode of making and collecting assessments for street improvements,' passed by the city council of said city, July 7, 1886; and an ordinance amending said ordinance number 33, and numbered ordinance No. 83, entitled 'An ordinance to amend sec. 2 of an ordinance entitled "An ordinance prescribing the mode of making and collecting assessments for street improvements," passed by the city council, and approved July 7, 1886,' which said ordinance was passed by the city council of said city, September 28, 1887, and approved the same day—plaintiff did improve and grade said Second street between the limits aforesaid.

"*Fifth:* That, by virtue of and in accordance with the provisions of said above mentioned ordinances, the above described real estate was duly assessed as the property of defendant J. J. Browne.

"*Seventh:* That, the sum of eight hundred and twenty-two and twenty-five one-hundredths dollars is a proper proportion of the value of such improvements and grading, and the material furnished thereon, which is chargeable on said real estate according to the true intent and meaning of the provisions of the charter of said city relating to grading and improvements of streets, and making special assessments therefor."

The answer of defendants denies that by virtue of the ordinances mentioned in the complaint, or any of them, the

said described lots or parcels of land, or any of them, were ever duly or legally assessed as the property of the defendants, or either of them; or that ordinance No. 155, or any other ordinance, providing for the said grading of Second street, was ever duly or legally passed by the city council of said city, or was ever duly or legally approved by the mayor of said city. But the defendants allege that said ordinances No. 33 and No. 83 are the only ordinances or authority under or by which the pretended assessment of the lots or parcels of land mentioned in the complaint was made, and aver that said ordinance No. 83 is in conflict with the provisions of the charter of the city, and is therefore invalid, void, and without authority of law. The defendants further allege, in substance, that in making the pretended assessment the assessor wrongfully and unlawfully undertook to assess, include and extend upon his assessment rolls the value of improvements upon said lots of land; that the acts of said assessor in making said assessment and extending the same upon the assessment roll were invalid, and without the authority of law; and that the said pretended assessment of land in said assessment district was unequal, and that the lots mentioned in the complaint were assessed greatly in excess of the benefits of said land, and in excess of other tracts of land in said assessment district.

It will thus be seen that the defense to the action relied on in the lower court was the alleged insufficiency and illegality of the assessment sought to be collected; and the same objections are raised here. The respondents insist that the assessment was void for two reasons: (1) That upon the face of the assessment roll it appears that no value in dollars or cents, or otherwise, was set opposite the lands therein described, or any of them, or extended upon said roll; and (2) that the ordinance of said city, by virtue of which the assessment is alleged in the complaint to have been made, is in direct contravention of the city

charter, and consequently void. We are of the opinion that the first objection ought not to be sustained. The roll is in the usual form; and while it is true that the figures in the columns headed "Valuation of real estate," "Valuation of improvements," "Equalized valuation," and "Amount of tax" have no word, mark or character attached to them indicating that dollars, or dollars and cents, were meant, we nevertheless think that no one could be in doubt as to the real meaning. It is well known and generally understood that valuation of property is expressed in dollars. In this case the column designated "Amount of tax" is divided by a perpendicular line, leaving a small space on the right of the column sufficient for the insertion of two figures, evidently intended to represent cents; and a larger space on the the left of said line, of sufficient size to admit of the insertion of four or five numerals. Manifestly the figures in this column were intended to indicate the amount of the tax in dollars and cents, and must have been so understood by respondents. That the assessor was negligent in the performance of his duties is evident. But we are not disposed to hold that his omission to prefix the usual dollar mark to the amount of the valuation of the taxes is sufficient to render the assessment roll nugatory. Counsel for respondents, in their brief, cite cases holding a contrary view, but we think our conclusion is supported by a decided preponderance of authority. See *Bird v. Perkins*, 33 Mich. 28; *Cahoon v. Coe*, 52 N. H. 518; *State v. Eureka Con. Min. Co.*, 8 Nev. 15; *Chickering v. Faile*, 38 Ill. 342, 344; *Elston v. Kennicott*, 46 Ill. 202; *Jenkins v. McTigue*, 22 Fed. Rep. 148; *Ensign v. Barse*, 107 N. Y. 329 (14 N. E. Rep. 400, and 15 N. E. Rep. 401); *New Orleans v. Day*, 29 La. Ann. 416.

But respondent's second objection raises a more difficult and serious question. The power of the city to levy assessments for local improvements must be found in its

charter.  By § 7 of the charter it is provided "that in all
assessments and levies to pay the expenses of such im-
provements, the real estate only shall be assessed, exclud-
ing from such assessment all improvements thereon,
whether the same are affixed to the land or not, and the
improvements on such lands shall not be taken or assessed
as any part of the land, or at all." See laws 1885–86, p.
302.  Sec. 2 of ordinance No. 33 contains the same pro-
vision as to the character of the property to be assessed
for street improvements, but that section (2) was so
amended by ordinance No. 83 as to provide for including
both the land and all improvements thereon in all assess-
ments for the grading of streets.  It is contended by
counsel for respondents that the latter ordinance, being
in contravention of § 7 of the charter, is obviously void.
To meet this objection, it is urged by appellant's counsel
that that portion of the city charter above quoted is itself
void, being in conflict with § 1924 of the organic act (Rev.
St. U. S.), which declares that "all taxes shall be equal
and uniform, and no distinctions shall be made in the
assessments between different kinds of property, but the
assessments shall be according to the valuation of the
property," but that, notwithstanding the void portion,
there still remains sufficient power in said section to carry
out the grant therein contained, and that the void part
may be stricken out or disregarded, and the remainder
will be valid and unobjectionable.  But we are unable
to agree to the proposition that § 7 is in conflict with
the organic act.  We think that § 1924 of that act has
reference to general taxation only, and was not in-
tended to apply to special assessments for local munic-
ipal improvements.  This is the doctrine laid down
by eminent text writers, and is abundantly supported
by adjudged cases.  See Cooley, Taxation (2d ed.), 207,
208; Id. ch. 20, and cases cited.  It is further urged
that, if the provision of the charter above referred to is

unconstitutional, then ordinance No. 33, as amended by ordinance No. 83, provides the proper and legal mode for assessing property under the provisions of the charter; and that, if that provision is unconstitutional, then ordinance No. 83 is absolutely void and of no effect, and the second section of ordinance No. 83 stands as though no attempt to amend it had been made; and that, in either event, the assessment should be sustained. The answer to the first proposition of counsel is that, if that portion of the charter claimed to be unconstitutional is disregarded, then there is no provision left in the charter by which the proper manner of making such assessments is pointed out. Sec. 10 of the charter gives the city power by general ordinance to prescribe the mode in which the charge on the respective owners of lots or land, and on lots or lands, shall be assessed and determined for the purposes authorized by this act; but this provision evidently refers to the method or "mode" by which property is to be charged generally, and under it the city council would be authorized to adopt a method of assessment according to value or frontage, as might be deemed best. By ordinance No. 33 the city adopted a method of assessment based on the value of the property, and provided that in all such assessments the real estate only should be assessed, and that the improvements thereon should be excluded. That ordinance was in harmony with § 7 of the charter, and was undoubtedly valid. But § 2 was attempted to be repealed by ordinance No. 83; and, if we concede that ordinance No. 33 was not so repealed, but is still in full force and effect, it will be of no benefit to appellant, because the assessment was made, not under that ordinance, but in accordance with the provisions of ordinance No. 83. The latter ordinance is void, because it is in contravention of the provisions of § 7 of the city charter, relative to assessments, and the assessment made under it was therefore without

authority of law, and cannot be sustained.   But it is suggested that, if property was assessed which should not have been placed upon the assessment roll, this court ought to disregard it and let the assessment stand for the amount justly chargeable against respondents.   That would be equivalent to making a new roll and a new assessment, which is clearly beyond our power or province.   Were the assessment based npon legal authority, a mere overvaluation of property would not vitiate it; but, being contrary to law, we are unable to uphold it, or to relieve appellant from its effects.   The city has brought this action to collect an assessment to pay the expense of an improvement it has made, and it can only recover by showing a strict compliance with the provisions of its charter.   This, in our opinion, it has failed to· do.

It follows, therefore, that the judgment of the court below must be affirmed, and it is so ordered.

SCOTT, STILES, HOYT and DUNBAR, JJ., concur.