[No. 1519.  Decided December 28, 1894.]

GEORGE HAISCH ET AL., *Respondents, v.* THE CITY OF SEAT-
TLE ET AL., *Appellants.*

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ENFORCE-
MENT OF ASSESSMENTS—ACCEPTANCE OF WORK—ESTOPPEL OF
PROPERTY OWNER.

A municipal corporation cannot enforce the assessment for a street
improvement, when the contract as entered into for the work makes
an assessment district which is not in conformity with the ordinance
passed by the city council authorizing the improvement.

In an action to enforce the collection of assessments for a street
improvement, the defendants may show that the improvement has not
been made in accordance with the contract and is a damage instead
of a benefit to the adjoining property owners, when they have not
been concluded by a legal acceptance of the work by the proper city
authorities.

In such an action, defendants are not estopped to deny the valid-
ity of the assessment, even though the work had been accepted by
the proper authorities, when it is shown that the property adjoining
the improvement has been damaged instead of benefited, that the
work has not been done in accordance with the contract, that de-
fendants have remonstrated against the manner in which the work
was being done, and that the defects in the work were so open and
notorious that the city must be presumed to have taken notice of the
non-fulfillment of the contract on the part of the contractor.

*Appeal from Superior Court, King County.*

*Frank A. Steele,* for appellants.

The acceptance of the work by the city is conclusive of its proper
completion. Cooley, Taxation (2d ed.), p. 671, notes; *Dixon v.
Detroit,* 49 N. W. 628; *Nolan v. Reese,* 32 Cal. 484; *Emery v. Brad-
ford,* 29 Cal. 75; *State v. Jersey City,* 28 N. J. Law, 500.

*Garrett & Jones, J. K. Brown, Pratt & White* and *Blaine
& De Vries,* for respondents.

When a mode of contracting is prescribed by statute, that mode
must be pursued. *Newbery v. Fox,* 5 Am. St. Rep. 830; *Mayor v.*

*Reynolds*, 83 Am. Dec. 535 ; *Donovan v. Mayor*, 33 N. Y. 291 ; *Dey v. Mayor*, 19 N. J. Eq. 412 ; *Kretsch v. Helm*, 45 Ind. 438 ; *Butler v. City of Charlestown*, 7 Gray, 12 ; *Hague v. Philadelphia*, 48 Pa. St. 527.

The improvement never having been legally contracted for, nor formally accepted by the proper authorities, respondents were not estopped from introducing evidence to prove that the improvement was in fact never completed. *City of Leavenworth v. Rankin*, 2 Kan. 357 ; *McDonald v. City of New York*, 68 N. Y. 23 ; *Branham v. City of San Jose*, 24 Cal. 585 ; *Mayor, etc., v. Reynolds*, 83 Am. Dec. 535.

If the work had been accepted by the city, defendants would not be estopped from showing fraud in such acceptance. Cooley, Taxation (2d ed.), p. 671 ; *Cape May, etc., R. R. Co. v. City of Cape May,* 35 N. J. Eq. 419 ; *Findley v. City of Pittsburg*, 82 Pa. St. 351 ; 1 Dillon, Mun. Corp., § 311 ; Elliott, Roads and Streets, 438 ; *Gulick v. Connely*, 42 Ind. 134 ; *McVerry v. Kidwell*, 63 Cal. 246.

The opinion of the court was delivered by

DUNBAR, C. J.—It would seem from the record in this case, that the contract which the city entered into on June 26, 1890, or which it attempted to enter into, through Mayor Moran, was not in conformity with the ordinance which had been passed by the council, providing for the improvement of South Twelfth street, as said ordinance required the street to be graded from Yesler avenue to Stacy street, and sidewalks constructed on both co-extensive with the grade thereof between said points, under the direction and supervision of the city engineer. This contract made an entirely new grade, or assessment, district from the one contemplated by the ordinance, and could not, therefore, under the rule laid down by this court in *Buckley v. Tacoma*, 9 Wash. 253, (37 Pac. 441), be enforced.

An investigation of the record in this case convinces us that the testimony overwhelmingly shows the fact to be that the contract which Smart did enter into was never performed, but that the work was done in a manner which was in gross violation of the contract, and of the ordinance providing for the improvement of said South Twelfth street, in a manner which was absolutely regardless of the interests of the respondents, that the work which was done was actually a damage

to the property owners adjoining the street which was ordered improved, instead of a benefit, and that there has been no substantial compliance whatever with the terms of the contract. We think it cannot be contended by the appellants, in the face of the evidence, that such is not the case, but their position is that the acceptance of the work by the city is conclusive of its proper completion, and that their objections to the introduction of any evidence tending to impeach the acceptance should have been sustained. The acceptance in this case was by the board of public works, but a reference to the charter discloses the fact that it was the duty of the city council at the time this work was done to accept the same, and not the duty of the board of public works. The work, then, not having been legally accepted, or accepted by the tribunal which was empowered by law to accept it, the respondents had a right to prove that the improvement was in fact never completed. And even accepting appellants' contention that the work had been accepted by the proper authorities, the taxpayer is not under all circumstances estopped from enquiring into the facts.

The appellants cite Cooley on Taxation (2d ed.), p. 671, to sustain their contention in this regard. The learned author on that page states the general rule, which is sustained by authority generally, that—

"It is in general no defense to an assessment that the contract for the work has not been performed according to its terms. If the proper authorities have passed upon the question and accepted the work as satisfactory, the acceptance must be conclusive; there cannot and ought not to be an appeal from them to court or jury." "But," says the author, "this doctrine must be confined within its proper limits; it cannot be extended to cover a case in which the authorities, after contracting for one thing, have seen fit to accept something different in its place; for if this might be done, all statutory restraints upon the action of local authorities in these cases would be of no more force than they should see fit to allow them. And no doubt if it were claimed that by fraud the cost of a work was purposely made excessive, the fact might be inquired into and redress

obtained, either in a direct proceeding for the purpose, or on appeal if a competent appellate tribunal was provided."

It seems plain that the strict requirements of the statute were not met in this case, and it has been decided by this court in *Buckley v. Tacoma, supra*, and in *Spokane Falls v. Browne*, 3 Wash. 84 (27 Pac. 1077), that the power to levy special assessments is to be construed strictly, that the mode prescribed is the measure of power, and that the material requirements must be complied with before there is any liability.

On the question of estoppel to inquire into the compliance or non-compliance with the conditions of the contract it was decided in *Oregon & C. R. Co. v. City of Portland*, 25 Or. 229 (35 Pac. 452), that—

"Where the measure of assessments for street improvements in a city is limited to the amount of benefits derived; and the common council is invested with a discretion in determining that amount, the courts will not review the determination of the council so long as its discretion is honestly exercised, and not abused. But where it appears that there is no necessity for the improvement; that, as made, it never has been used, though completed over two years, and probably never will be used; and that property assessed for benefits was not benefited, but actually damaged, a decree enjoining the collection of such assessment is proper."

In this case it conclusively appears from the record that the property assessed was not benefited by the expense incurred. It also conclusively appears that the street is in a worse condition than it was before the attempted improvements were made, and it must necessarily follow that the property adjoining has been damaged instead of improved. It appears also from the record in this case that the property holders remonstrated time and time again with the authorities against the manner in which the work was being conducted, but no attention was paid to their remonstrances. And it also appears that the defects in the work are so open and notorious that the city must be presumed to have taken notice of the non-fulfillment of the contract on the part of the contractor.

With this view of the law and the facts in this case, it is not necessary to enter into a discussion of the points involved in the brief of the intervenor, Wittler, for the judgment in all respects will be affirmed.

SCOTT and STILES, JJ., concur.