[No. 5942. Decided March 20, 1906.]

THE STATE OF WASHINGTON, on the Relation of the Barber
Asphalt Paving Company, Plaintiff, v. THE CITY
OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS — ASSESSMENTS FOR LOCAL IMPROVE-
MENTS—NOTICE. Where the notice of a special assessment for local
improvements limited the assessment to property within 120 feet of
the improved streets, as described in the assessment roll, the city
council could not, without notice, amend the roll to include all prop-
erty within 180 feet of the streets.

SAME—PARTIAL VALIDITY. Such an assessment is valid as to the
120 feet first described, that part not being affected by proceedings
as to another part; but it is void as to the 60 feet added by amend-
ment, since it is essential that notice be given of the intention to
assess such strip at that stage of the proceedings.

1Reported in 85 Pac. 11.

SAME—VOID ASSESSMENT—POWER TO REASSESS. The power of the city to levy a valid assessment for a local improvement is not exhausted by the levy of a void or ineffective assessment, and in such case the right to reassess is not dependent upon a judgment of a court declaring the first assessment void.

SAME—PARTIES BOUND—CONTRACTOR. A contractor is not a party to proceedings to assess property owners for a local improvement, nor entitled to appeal from an order therein; hence he is not estopped to question the validity of the proceedings by failing to object or appeal.

SAME—MANDAMUS TO COMPEL ASSESSMENT. Mandamus to compel the city to levy a local assessment is the proper remedy for the contractor to pursue where the city has made a void assessment and refuses to correct the same, since it is the only complete and adequate remedy.

Appeal from an order of the superior court for King county, Frater, J., entered September 30, 1905, after a hearing on the merits, granting a writ of mandate to compel a city to make a reassessment for a local improvement. Reversed in part.

*Scott Calhoun,* for appellant.
*Peters & Powell,* for respondent.

FULLERTON, J.—The city of Seattle, acting under its powers as a city of the first class, caused one of its principal streets (Howard avenue), together with certain connecting streets, to be graded, paved with asphalt, and otherwise improved; declaring, in the preliminary resolution, that it was its intention to assess the costs thereof to the property specially benefited by the improvement. The plan adopted was that prescribed by the act of March 14, 1899, which provides that bonds may be issued to pay the cost of a street improvement redeemable out of a fund created by a special assessment on the property benefited, payable in installments running over a period not exceeding ten years. Laws 1899, p. 234.

The contract for doing the work was let to the relator, who agreed to take bonds in payment of the contract price to the amount of any balance that might remain due after the owners

of the property assessed (who might desire to do so) had redeemed their property from the lien of the assessment. Thereafter the work was completed to the satisfaction of the city; whereupon it made an assessment upon the property benefited, gave an opporunity to the property owner to redeem, and after the time for redemption had expired, issued bonds to an amount equal to the difference between the contract price and the amounts paid in by the redemptioners. These bonds the city tendered to the relator, who refused to accept them, contending that the assessment out of which they were to be paid was made without notice to certain of the property owners, and was for that reason illegal and void. The relator thereupon requested that the city make a new assessment of the property benefited, which the city refused to do. It then applied to the superior court of King county for a writ of mandate compelling the assessment to be made. After a hearing this application was granted, and a peremptory writ issued. From the order directing the writ to issue, the city prosecutes this appeal.

The assessment roll, as prepared and filed by the board of public works, was made to include property back from the marginal lines of the improved streets for a distance of 120 feet only. On the filing of this roll, the following notice was given:

"Notice of Assessment Roll.

"Notice is hereby given that the assessment roll of local improvement district No. 902, for the improvement of Harvard Avenue and Harvard Avenue North, from East Roy street to Broadway; Boylston Avenue North from East Roy St. to East John St.; Boylston Ave. from East Denny Way to East Union St.; Belmont Ave. North from East Roy St. to East Denny Way; East Mercer St., East Republican St., East Harrison St., East Thomas St., East John St., East Denny Way, all from the west line of Belmont Avenue North to the West line of North Broadway; East Howell street, East Olive St., East Pine St. and East Pike St., all from the west line of Boylston Ave. to the west line of Broadway; East Union St. from the east line of Bellevue Ave. to the

west line of Broadway; Seneca St. and Spring St. from the east line of Boylston Ave. to Harvard Avenue, all in the city of Seattle, by paving the same with asphalt, etc., under ordinance No. 10710 has been reported by the board of public works to the City Council of the city of Seattle, and is now on file in the office of the city comptroller, and ex-officio city clerk, and that the same is now open for public inspection at said office and will remain open for inspection until Monday, the 22nd day of August, 1904, at 5 o'clock p. m., and all persons interested, are hereby requested to appear before the city council at a session thereof to be held in the council chamber in the city hall on said 22nd day of August, 1904, at 8 o'clock p. m., and make objections thereto. At said time so fixed, the city council will consider any and all objections made, and will make such corrections in said roll as it deems just, and will then, by ordinance approve such roll and levy and assess the amounts thereof against each parcel and lot of land and part thereof shown in said roll, and declare the same a first lien thereon. Said matter may be adjourned to a later date if so ordered, by the city council. John Riplinger, city comptroller and ex-officio city clerk."

At the hearing held pursuant to the notice, the city council, without any further notice, amended the roll so as to make it include all property back from the improved streets for a distance of 180 feet, and passed an ordinance levying an assessment upon the property included within the roll as so amended. It is the relator's contention that the property included in this outer rim of sixty feet has been assessed without notice to its owners, and that this fact renders the whole assessment void. The city disputes both the fact and the conclusion drawn from the fact, and these conflicting contentions constitute the principal questions to be considered.

As to the fact, it seems to us that there can be but little question that this outer rim was assessed without notice to its owners. The assessment roll as made out and filed by the board of public works did not include any part of it, and it was to this roll that the attention of the owners was directed by the published notice. This notice, it will be ob-

served, specially recites that the city will assess the amount expended on the improvement of the street "against each parcel and lot of land shown in said roll, and declare the same a first lien thereon." If this means anything at all, it means that the property included within the roll, and that property only, will be assessed to create the necessary fund, and that the property holder need look no further than the roll to ascertain whether his property is liable to assessment. Any property holder owning property in the vicinity of the improved street was entitled to examine the roll, and if he did not find his property described therein, to go away with the assurance that his property was not to be assessed. If this be not the meaning of the notice, then it is misleading, and worthless as notice because misleading.

Whether the omission to give the notice renders the assessment void, is a more serious question. It is conceded that it is necessary to the validity of every law prescribing a method for imposing a special assessment upon real property that it provide for notice to the owner of the property, and afford him an opportunity to be heard concerning the correctness of the assessment, at some stage of the proceeding, before the assessment becomes absolute or his property is taken to satisfy the lien of the same. But it is said that only one notice is necessary, and that this notice may be given at any stage of the proceedings; and since there can be no foreclosure of the assessment lien in this instance without a further notice to the property holder, the requirements of the law are satisfied, and the assessment, though it may be voidable, is not void. It is held, however, and it seems to be the general rule, that to render the assessment valid, even when made under a constitutional law, it is essential that the notice be given at that stage of the proceedings the law directs that it be given, and if more than one is provided for, more than one must be given. *Wilson v. Seattle*, 2 Wash. 543, 27 Pac. 474; *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441; *Haisch v. Seattle*, 10 Wash. 435, 38 Pac. 1131; *Stuart v. Palmer*, 74 N. Y.

183, 30 Am. Rep. 289; *Garvin v. Daussman,* 114 Ind. 429, 16 N. E. 826, 5 Am. St. 637, *Davidson v. New Orleans,* 96 U. S. 97, 24 L. Ed. 616; 25 Am. & Eng. Ency. Law, 1215, and cases cited. This being the rule, the assessment on this outer 60 feet is void; for both the statute and ordinance under which the city proceeded provide for notice to the property holder at that stage of the proceedings between the time of the filing of the assessment roll by the board of public works and the time of its confirmation by the city council.

As to the property within the 120 foot limit, we think the assessment valid. The only objection urged against it is that the assessment cannot be valid as to part of the property, and invalid as to the remainder; that there is such an interdependent relation between the several parts that one part cannot be void without the whole being void. We cannot think, however, that these objections are sound. In an assessment based upon benefits, where each individual tract is assessed only its proportionate part of the whole, the owner of a tract justly assessed has no valid ground of complaint because his neighbor has been unjustly assessed. If he has been taxed in a lawful manner for his just proportion originally, his assessment does not become unlawful or unjust because of the fact that the assessment proves invalid as to another tract, and he cannot be heard to complain of anything except unlawful or unjust exactions. Moreover, the uncomplaining owners of the tracts lawfully assessed have rights in the matter that ought not to be thus ignored. They should not be required, without just cause, to appear and contest anew the proportional share of the entire charge their property should bear, nor should their property be subjected to the additional costs of a reassessment where the original assessment is just. These proceedings, furthermore, while pending, affect injuriously the right a person has to deal with his property, as it renders it impossible for him to make as favorable contracts concerning it as he can do when his rights therein are fixed. He ought not, therefore, to be subjected to the loss and annoy-

ance of a reassessment unless the absolute necessities of the case require it.

It seems to us, also, that a proper construction of the statute requires the holding that the assessment is to be declared void only so far as the necessities require. The statute provides that a property holder who has had notice and an opportunity to contest the validity and correctness of the assessment, if dissatisfied with the order made by the city council, must appeal therefrom to the courts within a given time, or else be forever barred from questioning the regularity, validity or correctness of the assessment. It further provides that, if an appeal from the order is taken, and the court finds the objection well taken, it shall correct, modify or annul the assessment only in so far as it affects the property of the appellant, but that the action of the council in confirming the assessment shall be conclusive in all things upon all parties not appealing. If this statute is to be given effect, it must necessarily be held that an adjudication that the assessment is void as to one tract does not invalidate the entire assessment.

The case of *Young v. Tacoma*, 31 Wash. 153, 71 Pac. 742, and kindred cases cited, are not contrary to the principle here announced. The court there had in review assessments made under a statute that did not contain the provision cited. They were cases, also, where the assessment was declared void for fundamental errors which affected the entire assessment, and were decided on a principle that would prevent the enforcement of the assessment against any of the property included within the roll. Here the error affects only a part of the property, and no reasons exist for declaring the assessment void for anything more than the affected part. We conclude, therefore, that the assessment is invalid as to that property included within the so-called outer rim of sixty feet, but valid as to all of the remainder of the property.

These considerations determine the principal questions suggested by the record, but the city insists upon some minor

questions that must be noticed. It contends, first, that the city exhausted its powers when it made the original assessment, and cannot now make a reassessment except by virtue of the act of 1893; and under that statute it cannot make a reassessment until the first assessment has been declared void by the judgment of a court, and here there has been no such judgment. But the city has power, by its charter and the general statutes and ordinances under which it originally proceeded, to make a valid assessment of property benefited to pay for a street improvement, and this power is not exhausted by any irregular, voidable, or void, attempt at its exercise. In other words, its power to make a valid assessment does not depend on the statute of 1893. It has that power from the laws granting the power to make an assessment, and no number of voidable or void attempts at its exercise destroys the power. True, the statute of 1893 is the only one operative in a certain class of cases; for example, where lapse of time, or fundamental defects in the original law, prevent a valid assessment under such original law, but it was not intended to cut off, and does not cut off, the right of a city to make a valid assessment where no other objection intervenes save the one that the city has already made an invalid or voidable attempt at an assessment. Laws 1893, p. 226.

It is next said that the contractor was a party in interest in this assessment, and inasmuch as he made no objection to it while it was in progress, and took no appeal from the final order, he is now estopped to question its validity. But the contractor was not a party in the sense that the proceedings in any way bound it. Under its contract the city was obligated to pay it in bonds payable out of a fund legally created. The creation of that fund was wholly the duty of the city. If the city did not legally create the fund, the contractor was not obligated to take the bonds, and the contractor's first right to object to the proceeding arose when the bonds were tendered it. It could not intervene legally in

the assessment proceedings; the most it could do would be to offer friendly suggestions which the city could heed or ignore as it chose. Having no legal right to intervene in the proceedings, it had, of course, no legal right to appeal therefrom, and cannot be estopped because it did not resort to an appeal. There is nothing in the case of *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197, that is contrary to this view. There the person held estopped was the owner of the city's obligations, and the proceedings which he afterwards sought to ignore as not binding upon him were instigated for his benefit, not in pursuance of any contract obligation. He was a party to the proceedings in every sense, and as he did not appeal was estopped to afterwards question their validity.

Lastly it is said that mandamus is not the proper remedy, but we think it is, on the principle that it affords the only complete and adequate remedy. *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207, and the other cases from this court there cited.

The order appealed from is reversed, and the cause remanded with instructions to enter an order directing the appellant to reassess that part of the assessment district outside of the 120 foot limit, for the amount heretofore apportioned to such part; namely, $2,222.29, and the accrued interest thereon. Neither party will recover costs on this appeal.

MOUNT, C. J., HADLEY, CROW, and DUNBAR, JJ., concur.