*In re* Estate of Frederic Ullmann, Deceased.—(Eliza-
beth Ullmann, Appellant, *vs.* The People of the
State of Illinois, Appellee.)

*Opinion filed April 23, 1914—Rehearing denied June 3, 1914.*

1. Inheritance tax—*law imposing special tax is strictly con-
strued against the government.* The Inheritance Tax law imposes
a special tax, and in case of doubt the language must be construed
strictly against the government and in favor of the tax-payer.

2. Same—*section 1 of Inheritance act construed as to how rate
is determined.* In determining whether an inheritance tax shall be
assessed at the rate of one dollar or two dollars upon the $100 of
clear market value, the amount of the "property received" by the
person, after deducting the $20,000 exemption, is the amount which
should be taken, and if such amount is less than $100,000 the tax
rate is one dollar on each $100 valuation.

Carter and Craig, JJ., dissenting.

Appeal from the County Court of Cook county; the
Hon. John E. Owens, Judge, presiding.

Ullmann, Hoag & Davidson, for appellant.

P. J. Lucey, Attorney General, and Thomas J. Young,
for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal by Elizabeth Ullmann, widow and
devisee of Frederic Ullmann, deceased, from a judgment of
the county court of Cook county fixing the inheritance tax
on the transfer of property to her under the last will and
testament of her husband.

Frederic Ullmann died testate on March 29, 1911. By
his will he devised all his property to his widow, Elizabeth
Ullmann, and named her as executrix of said will. The
property which passed under the will was appraised at
$116,534.73. Deducting the exemption allowed by statute

of $20,000, left the taxable cash value of the property received by appellant $96,534.73. The county court held this amount was taxable at the rate of two dollars on each $100 valuation, and fixed the tax accordingly at $1930.69. Appellant has brought the case to this court by appeal, and insists the court erred in adopting the rate of two dollars on the $100 valuation of the taxable property, and contends that the rate should have been one dollar on each $100 valuation. This is the only question presented by this appeal and involves a construction of section 1 of the Inheritance Tax act of 1909. Under that section appellant was entitled to $20,000 of the estate of her husband exempt from the tax, and she contends that the rate of the tax is to be determined from the value of the property after deducting the exemption. Appellee contends the rate is fixed by the value of the property received by appellant under the will of her husband but is to be computed upon the value of the property after deducting the exemption. There is no dispute as to the value of the property subject to the tax. The only dispute is as to the rate the property is liable to be taxed.

Section 1 of the act of 1909 (Laws of 1909, p. 311,) imposes a tax upon the transfer of all property to persons, institutions or corporations "not hereinafter exempted," when the transfer is by will or by the intestate laws of this State. When the transfer is to or for the use of certain persons, including the wife, "the rate of tax shall be two dollars on every $100 of the clear market value of such property received by each person, when the amount so received exceeds in amount the sum of $100,000, and one dollar on each $100 of the clear market value of such property received by each person when the amount so received is $100,000 or less: * * * *Provided,* that any gift, legacy, inheritance, transfer, appointment or interest which may be valued at a less sum than $20,000 shall not be subject to any such duty or taxes, and the tax is to be levied

263 – 34

in the above cases only upon the excess of $20,000 received by each person."

Appellee contends the meaning of this language is that the total value of the property received fixes the rate of taxation and not the value of property received less the exemption allowed, and this was the view of the county court in fixing the tax. We do not think that is a correct interpretation of the language used or of the intention of the legislature as indicated by the act. It is clear the tax is imposed only upon property not exempted by the act. If the property that passed to appellant by the will of her husband had not exceeded in value $20,000 it would have been exempt from liability to the inheritance tax. As the property she received exceeded that sum, its value in excess of $20,000 was liable to the tax. We understand the statute to mean that the rate is to be determined from the value of the "property received" subject to the tax. We do not believe that the statute warrants the construction that the rate of the tax was to be determined from the total value of the property received by appellant. Twenty thousand dollars in value of that property was not liable to the tax, and the rate could only be determined from the value of the property that was liable to the tax. This appears to us unquestionably to have been the meaning and intent of the legislature as indicated by the language used in the first section of the act. The most that can be said in support of the opposite side is that the language used leaves the legislative intent in some doubt. In that case the doubt would be required to be resolved in favor of appellant, for the tax sought to be collected is a special tax and the law imposing it is required to be construed strictly against the government and in favor of the tax-payer. (*In Matter of Fayerweather,* 143 N. Y. 114; 38 N. E. Rep. 278; *In Matter of Vassar,* 127 id. 1; 27 id. 394; *In Matter of Harbeck,* 161 id. 211; 55 id. 850; 27 Am. & Eng. Ency. of Law, 340; *People* v. *Koenig,* (Colo.) 85 Pac. Rep. 1129.) In

our opinion the tax should have been fixed at the rate of one dollar on the $100 valuation of the property liable to the tax, which was $96,534.73.

The judgment of the county court is reversed and the cause remanded, with directions to fix the tax and enter judgment upon that basis.

*Reversed and remanded, with directions.*

CARTER and CRAIG, JJ., dissenting.