MARY JANE HESS, IN HER OWN RIGHT, AND AS EXECUTRIX
OF THE LAST WILL AND TESTAMENT OF CHRISTOPHER
J. HESS, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. INHERITANCE TAX—*exemptions should be deducted in deter-
mining tax rate.* The inheritance tax appraiser appointed by the
county court of Cook County fixed the value of the property at
$105,010.91. An exemption of $20,000.00 was allowed and the tax
fixed on a two per cent basis. Within six months the tax was paid
under protest, saving five per cent. On appeal to the county court,
the court reduced the tax in accordance with the holding in *People
v. Ullmann,* 263 Ill., 528. *Held,* an award should be made.

2. PRACTICE—*claims filed subsequent to May 1.* Where a claim
is filed subsequent to May 1, and addressed to the following session
of Court, the Court will hear the same, if the Attorney General
consents to such hearing.

3. INTEREST—*State does not pay.* The State is not chargeable
with interest upon moneys erroneously paid into the State treasury.

Hoag and Ullmann, for Claimant.
P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

Christopher J. Hess, a resident of Cook County, died
on March 29, 1913, testate, devising and bequeathing
all his property to his widow, the claimant herein.

His will was probated in the probate court of Cook
County on April 21, 1913, and letters testamentary
were issued to claimant.

The inheritance tax appraiser appointed by the
county judge of Cook County fixed the value of the
property at $105,010.91. After allowance of statutory
exemption, the tax was fixed by the county judge at
$1,700.22, being figured on a two per cent basis. To save
five per cent on payment within six months, as pro-
vided by statute, this amount, less five per cent, was
paid under protest to the county treasurer, who in turn
transmitted the money to the State Treasurer. The

amount paid was $1,615.21. An appeal was taken to the county court of Cook County, which court on August 21, 1914, entered an order fixing the tax at $850.00, in accordance with the opinion in the case of *In re Estate of Frederic Ullmann, deceased,* 263 Ill., 528.

Claimant contends that she should be allowed in this Court, one-half the amount paid by her to the county treasurer. Demands were made upon both the county treasurer and State Treasurer by claimant, and this claim was filed by stipulation with the Attorney General since the first of May, 1914, but made returnable at this term of Court. Claimant has done all required of her by law to secure a refund, and this Court will consider this case at this term.

For the reason stated in the claim of *Elizabeth Ullmann* v. *State,* we will not allow interest on the amount erroneously paid, but claimant is entitled to have returned to her so much of the tax as was erroneously paid, and it is accordingly the judgment of this Court that she be awarded the sum of $807.60.