ANNA MAGAN

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

INHERITANCE TAX—*facts held to justify an award.* In this case, the tax was assessed at the two dollar rate, from which an appeal was prayed, and after the decision in the *Ullmann case,* 263 Ill., 528, the tax which had been paid was reduced by the county court of Cook County. *Held,* that an award should be made.

Stead, Lincoln and Fitch, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The claim in this case is for a refund of inheritance tax, claimed to have been erroneously and excessively paid to the county treasurer of Cook County, on the 15th day of June, 1914, and is made under the provisions of section 10 of an Act to tax gifts, legacies, inheritances, etc., June 14, 1909.

Thomas Conlin, who was a brother to claimant, died testate on the 21st day of February, 1914, a resident of the city of Chicago, State of Illinois, and claimant was duly appointed one of the executrixes with the will annexed, of the estate of said deceased, by the probate court of Cook County, and duly qualified. An inheritance tax proceeding was had under the direction of the county judge of Cook County; the appraiser filed his report with the county judge who entered an order on June 12, 1914, fixing the cash value of the several estates, gifts, transfers, etc., and assessing the total inheritance tax thereon in the sum of $1,635.35, all of which money was paid to the county treasurer of Cook County, and was transmitted by him to the State Treasurer of the State of Illinois; and afterwards, within a few weeks, claimant petitioned the county court for an appeal which was approved and allowed to the county court. A decree was entered by agreement based upon

the decision of the Supreme Court of the State of Illinois, in the case entitled *In re Estate of Fred Ullmann, deceased,* 263 Ill., 528, wherein it was decided that the exemption of $20,000.00 shall first be deducted from the total amount of the share of the beneficiary, before the rate of tax is determined. This decision resulted in reducing the taxable cash value of the share of this claimant under $100,000.00, and fixed the rate of tax at one per cent instead of two per cent, as was erroneously fixed in the order entered by the county judge July 22, 1914.

. This decree found, that the total legal tax due and assessable against the claimant was $817.87, and that she had paid an excessive, illegal and erroneous tax to the county treasurer of Cook County for and on behalf of the State of Illinois of $776.99, that the same should be refunded and paid to the said claimant.

Thereupon, claimant made application to the county treasurer of Cook County for a refund of the amount of the inheritance tax erroneously paid by her, and was notified that it had been paid to the State Treasurer, whereupon, on July 22, 1914, she made application to the State Treasurer for a refund, but was informed that in the absence of an appropriation, it was impossible to entertain the demand.

We find, that the claimant has paid to the State an erroneous and excessive tax, and, that she has in all respects complied with the law to secure the refund, and, that she is entitled to have returned to her by the State the sum of $776.99. We, therefore, accordingly award claimant the sum of seven hundred seventy-six dollars and ninety-nine cents ($776.99).