ELIZABETH ULLMANN, IN HER OWN RIGHT, AND AS EX-
ECUTRIX OF THE LAST WILL AND TESTAMENT OF
FREDERICK ULLMANN, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

1. INHERITANCE TAX—*Exemptions should be deducted in fixing
rate.* Where the total estate amounts to $116,534.73, and there is
an exemption of $20,000.00, the rate of the tax should be $1.00 on
the hundred.

2. SAME—*facts held to justify an award.* In this case, the county
judge fixed the tax at $1,930.69, the same being at the rate of $2.00
on the hundred. The county court on appeal affirmed the decision
of the county judge, but the Supreme Court reversed the decision
of the county court, remanding the cause to the county court with
instructions to enter the proper order. The county court then en-
tered an order fixing the tax at the rate of $1.00 on the hundred.
(*People* v. *Ullmann,* 263 Ill., 528.) *Held,* that an award should be
made.

3. SAME—*payment under protest—demand.* The tax was paid
under protest and demands were served upon the State and county
treasurers for the return of the same.

4. INTEREST—*State does not pay.* In the absence of a statute
allowing interest on claims, the same will be disallowed.

Hoag and Ullmann, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

Frederick Ullmann, a resident of Cook County, died
on March 29, 1911, testate, devising and bequeathing
all his property to his widow, the claimant herein.

The will was probated in the probate court of Cook
County on April 7, 1911, and letters testamentary is-
sued to the claimant.

The appraiser appointed to fix the value of the
property for inheritance tax found the value to be
$116,534.73, and an order was entered by the county
judge of Cook County fixing the tax at $1,930.69, same
being figured on a two per cent basis, after deducting
the statutory exemption of $20,000.00. This tax was

paid by the claimant, to the county treasurer within six months of the death of the decedent, under protest, for the purpose of saving five per cent discount provided by statute.

Claimant appealed from the order of the county judge to the county court, and there insisted that the tax should have been levied on a one per cent basis instead of two per cent, on the theory, that after the deduction of the statutory exemption, the value of the estate was less than $100,000.00. The county court affirmed the order of the county judge, and from this judgment claimant appealed to the Supreme Court of Illinois, in which court, the judgment of the county court was reversed, on the ground, that the tax should have been levied on the one per cent basis instead of two per cent, and the cause was remanded to the county court with direction to enter an order in accordance with the order of the Supreme Court. (*People* v. *Ullmann*, 263 Ill., 528).

On July 8, 1914, the county court entered such order and found that the tax should have originally been fixed at $965.35.

On September 25, 1913, claimant served a demand upon the county treasurer of Cook County, for the repayment of $917.08, being one-half the amount originally paid by her, and on the same day served a like demand upon the State Treasurer. The original amount of tax as levied by the county court had been reduced by five per cent through the payment within six months as hereinabove stated. These applications for repayment were made within two years of the time the tax was originally paid, and as we construe section 10 of the law providing for inheritance tax, claimant complied with the provisions of the law.

Claimant also claims that under the provisions of section 25 of the inheritance tax law, she should be entitled to three per cent on the amount erroneously paid, from the date of payment. We do not believe, however, that the estate taken by the claimant under

the will is such estate as is contemplated under said section of the statute, whereby the State should be called upon to pay three per cent and even though it might appear, as claimant contends, that the State "should in equity and fairness pay for the privilege which it has enjoyed of having the use of the money," in the absence of legislation which would authorize or require the allowance of such interest, we have no authority to award same.

Claimant has in all respects complied with the provisions of the law for the securing of a refund, and it is the judgment of the Court that claimant be awarded the sum of $917.08.