[No. 3911. Decided May 14, 1902.]

EDITH E. McALLISTER, *Appellant*, v. ALEX McALLISTER, *Respondent.*

APPEAL — SUFFICIENCY OF EXCEPTIONS.

Where no formal findings of fact and conclusions of law were made by the trial court, the exception of plaintiff to a dismissal of her action, and to the judgment reciting that she had not sustained the allegations of her complaint, sufficiently pointed out the claim of errors for the purpose of review on appeal.

DIVORCE — GROUNDS — CRUEL TREATMENT.

A wife is entitled to a divorce on the ground of cruel treatment, where her husband compels her by force to submit to sexual intercourse while pregnant and suffering from morning sickness, the effect of which was to make her very sick at the time, and to undermine her health.

SAME — SUFFICIENCY OF EVIDENCE.

The wife's testimony as to enforced sexual intercourse during pregnancy, though denied by the husband, was sufficiently cor-

roborated to be deemed established, where it appeared that the wife was in fairly robust health at the time of marriage, that she left her husband considerably broken in health, but rapidly recovered her normal condition as soon as she got away from him; that, though the wife was soon to become a mother and was penniless, the husband made no offer of aid or support; and that he had contradicted every witness in the case who testified to his conduct towards his wife.

SAME — REMANDING CAUSE FOR FURTHER EVIDENCE.

Where the supreme court cannot, owing to the state of the record before it, make an award affecting the property of the parties to a divorce suit, on reversing the decree of the lower court refusing a divorce, it will remand the case to the lower court for the purpose of hearing further testimony on the question of property, with instructions to make such provision for the wife and minor child as may seem meet and equitable.'

Appeal from Superior Court, Yakima County.—Hon. John B. Davidson, Judge. Reversed.

*Whitson & Parker,* for appellant.

*Henry J. Snively,* for respondent.

PER CURIAM.—The appellant brought this action for divorce, alleging cruel treatment and personal indignities rendering life burdensome. An answer was filed to the complaint, after which a trial was had upon the merits, resulting in a judgment dismissing the action.

The respondent, at the opening of the trial, objected to the introduction of evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action, and he urges the question in this court. It is argued that the complaint states mere conclusions without specification of what the respondent's acts were, and thus falls within the rule of *Stanley v. Stanley,* 24 Wash. 460 (64 Pac. 732). The complaint here, however, is much more specific than was the one under consideration in that case. It sets out minutely and in detail the acts constituting the

cruelty and personal indignities complained of, and, if these acts are sufficient to justify the granting of a divorce the complaint is in no wise objectionable.

The respondent next insists that no exceptions were taken to the findings of fact made by the lower court, and that the cause cannot be reviewed in this court for that reason. There were no formal findings of fact or conclusions of law made by the trial court. The records show that at the conclusion of the evidence and the arguments of counsel the court ordered the case dismissed, "as a case for divorce on the ground of cruelty had not been made out." To this the appellant duly excepted. Afterwards a judgment of dismissal was entered, in which it is recited that the court "finds that the plaintiff has not sustained the allegations of her complaint," which was also duly excepted to by the appellant. The respondent does not point out what further exception he conceives ought to have been taken, nor does he say why he deems the exceptions taken insufficient. In our opinion, the exceptions are sufficient. They clearly pointed out to the trial court the appellant's claim of errors in its rulings and decisions, and this is all that is required by the statute. Bal. Code, §§ 5050, 6520.

The merits of the controversy present a case not altogether new in judicial annals. In the main it is the usual story of a marriage between a man in the decline of life and a woman just entering upon her majority. It was found that tastes, desires, habits, and views of life formed and acquired by one whose life is well spent cannot readily be laid aside, or be much more readily conformed to by one whose life is at its beginning. As is not uncommon in such cases, the life of the parties together began in bickerings, and ended in bitterness, mutual hatred, and final separation. And were this all that was shown by the rec-

ord, we would be content to leave the parties, as the lower court has left them, to work out their differences as best they might; and this notwithstanding we cannot but regard the evidence as showing the husband to be the more blamable, as it appears that the wife was not without fault, and at times seems to have been herself the aggressor. But the appellant charges the respondent with certain abuses of his sexual privileges, with having by force compelled her to submit to sexual intercourse while she was pregnant and suffering from morning sickness, the effect of which was to make her very sick at the times, and, taken with his other misconduct, to gradually undermine her health. This if proven, entitles her to the relief demanded in her complaint. It is contended, however, that it is not proven; that, notwithstanding the appellant testified to that state of facts, it is emphatically denied by the respondent and not supported by any corroborative evidence; and, further, that the trial court, who had the witnesses before him, was better able to judge of the truthfulness of their statements than is this court, which must determine the question from written evidence. The statement concerning the advantages possessed by the trial court in determining the truthfulness of contradictory evidence is unquestionably true, and it is perhaps true that there is no direct testimony corroborating the appellant on this branch of the case, but we cannot agree that there is no evidence in the record at all which does so. In the first place, the respondent felt compelled to contradict in some one or more particulars every witness in the case who testified to his conduct towards the appellant, and he was not entirely consistent in his own statements concerning certain matters which he testified to at different stages of the case. In the second place, it was shown without contradiction that the appel-

lant was in fairly robust health when the marriage took place, that she left him considerably broken in health, and that she rapidly recovered her normal condition as soon as she got from under his influence. Again, it appeared on the trial that the appellant was soon to become a mother for the first time. It was shown that she was penniless and dependent. These conditions, so far from appealing to the defendant, did not exact from him an offer or promise of aid or support, or even prevent him from saying it was "absolutely impossible" for the appellant and himself to ever live together again. It may be that these facts, as we say, do not directly corroborate the appellant in this one particular, but, to our minds, it indirectly does so, and is sufficient to warrant this court reaching a contrary conclusion from the evidence than that reached by the trial court.

On the whole of the record we conclude that the appellant is entitled to a decree of divorce, and to a suitable provision for her support and maintenance, and for the support and maintenance of her child, should it be living. Owing to the state of the record, this court cannot well make an award affecting the property without the risk of doing an injustice to one or the other of the parties, and the cause will therefore be remanded to the lower court, with instructions to enter a decree dissolving the bonds of matrimony existing between the parties, and to make such provision for the support of the appellant and her child, if it be living, as will to the trial court seem meet and equitable, with leave to hear such further testimony on the question of property as either side may desire to offer.