[No. 11458.   Department One.   March 9, 1914.]

ANDRENA JOHNSEN, *Respondent*, v. JAKOB JOHNSEN,
*Appellant*.[1]

DIVORCE—GROUNDS—BOTH PARTIES AT FAULT.   While the evidence
must show that one of the parties has a distinct ground for divorce,
a decree may be granted if both are blamable but not equally at fault
and the right of one of them to a divorce is established by evidence.

DIVORCE—GROUNDS— CRUELTY — EVIDENCE — SUFFICIENCY.   Cruelty
as ground for divorce is not established by evidence that the de-
fendant refused to accompany the plaintiff to a theater one evening,
when he had to start on a business trip early the next morning, and
all other acts of cruelty occurred two years previously and had been
condoned.

SAME.   Cruelty, as ground for a divorce upon the husband's cross-
complaint, is sufficiently established where it appears that plaintiff
frequently had fits of ungovernable temper, and when drunk at-
tacked the defendant with dangerous weapons and called his people
vile and indecent names, and the plaintiff had been three times mar-
ried and divorced prior to her marriage with the defendant.

TRIAL—RECEPTION OF EVIDENCE.   The trial court may exercise a
discretion in limiting the number of witnesses, but has no arbi-
trary right to deny a party the right to sustain his case by testi-
mony reasonably supporting his theory.

APPEAL—REVIEW—FINDINGS.   Upon trials *de novo* on appeal, the
findings, while entitled to respect, are not binding, and will not be
followed if the preponderance of the evidence is against them.

DIVORCE—DIVISION OF PROPERTY.   Where the trial court granted a
divorce to both parties, and on appeal the supreme court found that
the husband was entitled to a divorce upon the ground of cruelty
upon his cross-complaint, an award to the wife of 20 acres in Cali-
fornia, which was community property, will be reversed, and the
same awarded to the husband, subject to a lien in her favor for
$500, where it appears that both had separate property of the value
of several thousand dollars and were both in good health and capable
of self-support.

Appeal from a judgment of the superior court for King
county, Smith, J., entered March 18, 1913, upon findings in
favor of the plaintiff, in an action for divorce.   Modified.

[1]Reported in 139 Pac. 189; 139 Pac. 1200.

*Palmer & Askren,* for appellant.

*William L. Waters* and *John W. Heal, Jr.,* for respondent.

Gose, J.—This is an action for divorce upon the ground of cruelty. The defendant, by a cross pleading, made a like charge against the plaintiff. The trial court, after stating orally that he would not put upon either party the stigma of a finding of cruelty or any finding of moral turpitude, made a written finding as follows:

"That plaintiff and defendant have each been guilty of personal indignities rendering life burdensome to the other, and that they can no longer live together as husband and wife."

The decree, in harmony with the finding, awarded the divorce to both parties, and established the status of the property. The defendant appealed.

The cross-complaint alleges that:

"Plaintiff has a vile and ungovernable temper, flies into a rage in an instant and uses more vile and indecent language than defendant ever heard used by working men with whom he has been associated. She takes special delight in calling defendant's cousin I. B. Jacobson a liar, and in calling his niece a prostitute, and in accusing him of infidelity and all manner of vile names."

The respondent, at the time of the marriage, had been thrice married and divorced, and had three sons, aged respectively 22, 21, and 16 years. The appellant was a bachelor forty-six years of age, and a halibut fisherman by occupation. The parties were married in March, 1908, and remarried in October because the marriage had occurred within six months after the respondent had been awarded her decree of divorce.

The evidence must show that one of the parties has a distinct ground for divorce. *Bickford v. Bickford,* 57 Wash. 639, 107 Pac. 837; *Ellis v. Ellis,* 77 Wash. 247, 137 Pac.

453; *Branscheid v. Branscheid,* 27 Wash. 368, 67 Pac. 812. However, a decree may be granted where both parties are blamable but where they are not equally at fault, and where the evidence is sufficient to establish the right of one of the parties to a divorce. *McAllister v. McAllister,* 28 Wash. 613, 69 Pac. 119; *Fields v. Fields,* 2 Wash. 441, 27 Pac. 267; *Briggs v. Briggs,* 56 Wash. 580, 106 Pac. 126.

We will first consider the respondent's case. The record discloses that she left the appellant on the last day of May, 1912, chiefly because he declined to accompany her to a theater on the preceding evening, at about the hour of nine o'clock, after she had visited a moving picture show. He was preparing to start on a fishing expedition in Alaskan waters early the next morning, and left her down town. The other acts of cruelty charged occurred from one to two years previous, and if they existed (which the appellant denied) they had been condoned by a continuance of the marital relation. 14 Cyc. 640. We think the respondent failed to sustain her case.

We think the appellant sustained his charge of cruelty. If his testimony is to be believed, the respondent is a cyclone with teeth when in anger, and her fits of anger appear to have occurred with altogether too much frequency. He says she was a "tigress" when enraged; that she attacked him once in Alaska when drunk, with a razor, then with a hatchet, then with a heavy piece of wood, and then with her fists. He said that she referred to his kinfolk as "cattle;" that she in her conversation with him called his cousin a "liar," his sister a "thief," and his niece a "prostitute," and that she spoke of his brother in language too indecent to be reproduced. He claimed to have witnesses present who would corroborate his statement that she has a temper which she either cannot or does not control. These the trial court declined to hear, because in his opinion the evidence showed that both parties were entitled to a divorce. During the progress of the trial, the court stated:

"The Court: It is not to my mind the question of who is most at fault. The question is are the parties so far estranged that the court should not compel them to live together any longer."

We deem it proper to say that all litigants—and this includes those in divorce actions—are entitled to sustain their cases with a reasonable number of witnesses. While the trial court may and should exercise a discretion as to the number of witnesses that may be called in a case, or upon a particular issue in a given case, this discretion does not clothe the court with the arbitrary power to deny a litigant the right to offer testimony which reasonably tends to support his theory of the case or to disprove the theory of his adversary.

As we have observed, the record shows that the respondent had been three times married and divorced prior to her marriage with the appellant. This we regard as a circumstance of sufficient cogency to turn the scales in his favor. It presents an unusual condition, and unusual conditions may be treated as circumstances of greater or less probative force, depending upon the particular case.

In actions in equity and at law, where the case is tried to the court, the statute puts the burden upon us of trying the case *de novo.* In considering the probative force of the evidence, we will treat the findings of the court with great respect; but if, upon the entire record, we conclude that the preponderance of the evidence is against the finding, it becomes our duty to reflect our conclusion in the judgment. *Baker v. Yakima Valley Canal Co.,* 77 Wash. 70, 137 Pac. 342; *Zizich v. Holman Security Inv. Co.,* 77 Wash. 392, 137 Pac. 1028, 139 Pac. 57; *Borde v. Kingsley,* 76 Wash. 613, 136 Pac. 1172.

In respect to the property, the evidence shows that the appellant has separate, non-income bearing real property of the value of about $2,000, and a boat of the value of about $2,500 upon which there are liens of about $2,900. This property was awarded to the appellant. The respondent has

separate real property, including a lodging house, of the value of about $3,500, and household goods of the value of about $300, purchased with community funds. This was awarded to the respondent. The court also awarded her twenty acres of land in Fresno county, state of California, purchased subsequent to the marriage, which property is subject to a mortgage of $553.50. The community has expended about $600 in improving this property, and the respondent advanced $105 of her separate funds for the same purpose. The remainder of the purchase price was paid from separate funds of the appellant. Community funds have been used in paying taxes and assessments upon the separate property of both parties. The evidence shows that the California property has not enhanced in value since it was purchased. The appellant and the respondent are both in good health and both capable of self-support.

The decree will be modified in this: (a) a decree of divorce will be awarded to the appellant, and (b) he will be awarded the California property, subject to the mortgage and to a lien in favor of the respondent for $500, to bear legal interest and payable in six months from the entry of the modified decree. In all other respects the decree will stand.

CROW, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.


ON PETITION FOR REHEARING.

[Decided April 28, 1914.]

GOSE, J.—We said in the opinion heretofore filed in this case that the record shows that the plaintiff had been three times married and divorced prior to her marriage with the defendant. In the petition for rehearing, counsel for the plaintiff say:

"The real ground, however, on which this court decided this matter was a statement by this court that the respondent had prior to the marriage in question here been married and divorced three times prior thereto. It is fundamental

that proof of facts is required. There was no proof whatever on this point."

Again, counsel say: "The court made the rights of respondent turn upon a point upon which there was absolutely no proof." Pending the trial and probably in answer to the plaintiff's application for suit money, the defendant made an affidavit in which he stated:

"At the time I married the plaintiff she had been married and divorced four times, and had lived all over the world. Her first matrimonial venture was in Australia; the second in Yukon Territory; the third in British Columbia. But the names and addresses of these parties I only know by hearsay. All this I learned after our marriage."

This affidavit was admitted in evidence upon the offer of plaintiff's counsel, and it appears in the record and is referred to in the court's certificate as Plaintiff's Exhibit D. If counsel had familiarized themselves with the record before making these sweeping statements in the petition for rehearing, the court would have been relieved of the burden of reexamining it. The petition for rehearing is denied.

CROW, C. J., ELLIS, CHADWICK, and MAIN, JJ., concur.