[No. 11910.  Department One.  September 2, 1914.]

MARY MUELLER et al., Respondents, v. THE CITY OF VANCOUVER et al., Appellants.[1]

APPEAL—REVIEW—FINDINGS. Upon a trial de novo on appeal, the judgment will be reversed, where the evidence, though conflicting, preponderates against the findings.

MUNICIPAL CORPORATIONS—IMPROVEMENTS — CONTRACT — PERFORMANCE. There is a substantial compliance with a contract for a public improvement, where it appears that, while the specifications were not, in all things, literally complied with by the contractor, the changes made were by direction of the city engineer and council, the work being done under the supervision and inspection of the city, and that defects complained of were, in the main, caused by fundamental errors in the plan of the work.

SAME—ACCEPTANCE OF WORK—FRAUD—DISCRETION—REVIEW. The acceptance of work under a contract for a public improvement, upon substantial compliance therewith by the contractor, in opposition to the opinion of the property owners, does not amount to fraud; and the council having a discretion in such matters, the courts will not review their decision unless it appears that their acceptance was for

[1]Reported in 142 Pac. 868.

something not contracted for, or that defects in the work were so apparent that a presumption arises that the city had knowledge of the contractor's nonperformance of the contract.

SAME—ACCEPTANCE OF WORK—FRAUD. The action of a city council in voting to accept work under a contract for a public improvement, at a time when the protesting parties were absent, is not evidence of fraud, nor a sufficient ground for inquiry by the courts as to the motive of the council.

Appeal from a judgment of the superior court for Clarke county, Darch, J., entered August 25, 1913, upon findings in favor of the plaintiffs, in an action to restrain the assessment of property for a local improvement, after a trial on the merits. Reversed.

*George B. Simpson* and *R. C. Sugg* (*Elmer L. Sugg,* of counsel), for appellants.

*Miller, Crass & Wilkinson,* for respondents.

CHADWICK, J.—This action was brought by plaintiffs to restrain an assessment levied against property owned by them abutting Patulla avenue, in the city of Vancouver, Washington. The court found that the contractors had not complied with the specifications of the contract and that the defendant city had not exercised good faith in accepting the same. The testimony is conflicting, and we regret that we are compelled to make a finding contrary to that made by the trial judge. This is a trial *de novo.* We have carefully examined the statement of facts, and under the rule announced in the recent case of *Borde v. Kingsley,* 76 Wash. 613, 136 Pac. 1172, are convinced that plaintiffs have not sustained their case by a preponderance of the evidence. While the specifications were not, in all things, literally complied with, the changes were made under the direction of the city engineer and council, and the work was done under the constant supervision and inspection of the city. The testimony preponderates in favor of a finding that there was a substantial compliance on the part of the contractor.

13—81 WASH.

We are convinced that the fault of which plaintiffs complain was caused, in the main, by reason of fundamental defects in the plan of the work; that is, that the city undertook to make a macadamized street with river gravel without a sufficient binder of clay or crushed rock to hold the same in place.

This case is controlled by *Morehouse v. Clerk of Edmonds*, 70 Wash. 152, 126 Pac. 419; *Hutchinson v. Spokane*, 72 Wash. 56, 129 Pac. 892; *North Yakima v. Scudder*, 41 Wash. 15, 82 Pac. 1022.

It is contended, and the court found, that the city authorities were guilty of a constructive fraud in accepting the work because of the time and manner in which it was accepted. There being a substantial compliance, the fact that the city accepted the work in opposition to the opinion of some of the property owners would not amount to a fraud. At best, there would be but a difference of opinion. The council having a discretion in such matters and the right to decide, courts could not review their conduct, unless, as Mr. Cooley says, in his work on Taxation, Second Edition, page 671, the authorities had contracted for one thing and accepted another; or, as was said in the case of *Haisch v. Seattle*, 10 Wash. 435, 38 Pac. 1131, the defects in the work were so open and notorious that the city must be presumed to have taken notice of the nonfulfillment of the contract on the part of the contractor.

There is another circumstance relied on to prove fraud. The council was in session during the whole evening, and this particular matter was passed on at about twelve o'clock at night, and at a time when two of the councilmen and those who were opposing the acceptance of the work had gone home. One of the councilmen who voted against the acceptance of the work was a witness and testified that he did not vote against the acceptance of the work because he believed that it did not substantially comply with the contract, but only because he felt that a vote should be taken when the

protesting parties were present, and that, if they had been present, he would have voted to accept the work. The fact that the council voted at a time when the protesting parties were not present would be entirely insufficient to warrant a court in even inquiring into the motive of the council, nor would it raise a presumption of fraud. Interested parties must assume—if they do not courts will not assume it for them—that deliberative bodies have ways of their own, and if interested they should remain present during the whole session if matters of concern to them are likely to be considered. But if present, the protesting parties could have done no more than object. Inasmuch as they had theretofore protested to the council and to the individual members thereof, it cannot be said that their absence tainted the action of the council with fraud and that their presence would have saved the council from the aspersions of the law. Fraud must be established by clear and convincing evidence. The showing in this case does not meet this test.

The judgment will be reversed, with instructions to dismiss.

CROW, C. J., ELLIS, GOSE, and MAIN, JJ., concur.