[No. 12231.   Department One.   March 10, 1915.]

## J. P. LAUGHLIN et al., Appellants, v. SEATTLE TAXICAB & TRANSFER COMPANY, Respondent.[1]

MUNICIPAL CORPORATIONS—INJURY TO PEDESTRIANS—STREETS—NEG-
LIGENCE—LAST CLEAR CHANCE.  Where pedestrians, struck by a taxi-
cab just as they were stepping from the curb, were not seen by the
driver, there is no room for the operation of the rule of last clear
chance.

TRIAL—BY COURT—FINDINGS OF FACT.  In an action for personal
injuries, tried to the court, in which the court stated that the case
should be submitted on the facts, and overruled a motion for non-
suit and denied a challenge to the sufficiency of the evidence at the
close of the case, and held that the plaintiff could not recover on
account of contributory negligence, the decision was one on the
facts.

APPEAL—REVIEW—FINDINGS.  Upon a close question of fact, find-
ings are entitled to weight and will not be set aside on appeal unless
not sustained by the preponderance of the evidence.

MUNICIPAL CORPORATIONS—STREETS—INJURY TO PEDESTRIANS—CON-
TRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.  Where pedestrians
saw an approaching taxicab eighty feet away, when nine feet from
the curb as they entered the street, and were struck by the taxicab
just as they stepped from the curb, findings that they were guilty
of contributory negligence are sustained.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered April 6, 1914, dismissing an
action for personal injuries sustained by pedestrians struck
by a taxicab, tried to the court.  Affirmed.

*Gay & Kelleran*, for appellants.

*Brightman, Halverstadt & Tennant*, for respondent.

CHADWICK, J.—Plaintiffs, while crossing Stewart street at
Second avenue, in the city of Seattle, were struck by a taxi-
cab driven by an employee of the defendant.  Plaintiffs
brought this action alleging negligence in several particulars,
more particularly that the machine was driven at a speed
greater than ten miles an hour and that no horn was blown

[1]Reported in 146 Pac. 847.

or sounded, or warning given. Defendant plead and relied
at the trial on the defense of contributory negligence. Stew-
art street is about thirty-five feet wide from curb to curb.
When plaintiffs had taken a step or two into Stewart street,
they saw the taxicab approaching. When they had pro-
ceeded to within about nine feet of the curb, the taxicab was
about eighty feet away. They were struck just as they
were stepping from the street to the curb. The testimony
of both the plaintiffs and the defendant agree that the
driver of the taxicab did not see the plaintiffs, and we hold
with the trial court that there is no room for the applica-
tion of the doctrine of last clear chance. Granting that the
driver was negligent, the only question is whether the negli-
gence of the plaintiffs contributed to, and was the proximate
cause of, the accident. After hearing all the evidence, the
court was of the opinion that "these people could have
avoided this injury had they exercised ordinary and reason-
able care."

Counsel for plaintiffs did not seriously contend upon the
argument that the judgment of the court could not be sus-
tained if the court had decided the case upon the facts; but
it is earnestly and seriously insisted that the court did not
so decide the case, but rather decided it as a matter of law,
inasmuch as the court denied a motion for a nonsuit and a
motion for a judgment when the testimony was all in. When
the motion for a nonsuit was made, the trial judge said:

"I really think this should be submitted on the evidence
and not on the demurrer. I have already decided on the case
as being sustained on my rulings and I don't want it to go
off on a technical error of any kind. I will deny the motion
for a nonsuit."

At the close of the case, the legal sufficiency of the evidence
was challenged. The record is:

"By the Court: Motion denied; exception allowed, and
immediately thereafter:

"By the Court: Do you want to submit the case on testi-
mony? I will state to you I am ready to decide the case."

The court then proceeded to discuss the facts and the law and finally said: "I don't think the plaintiff can recover in this case."

We think, when the whole record is read, that it is plain that the court decided the case upon the facts. Cases of negligence usually involve mixed questions of law and fact, and it is clear that the court was of the opinion that, under the facts, the law did not justify a recovery. Because of the insistence of counsel and his unusual assignment, we have not contented ourselves with the abstract but have carefully read the whole record. We have no doubt, if a jury had returned a verdict upon the evidence, that we would have refused to set it aside. Upon a close question of fact, the judgment of the trial judge is entitled to weight, and will not be set aside unless we can say that it is not sustained by a preponderance of the evidence. *Borde v. Kingsley*, 76 Wash. 613, 136 Pac. 1172; *Zizich v. Holman Security Inv. Co.*, 77 Wash. 392, 137 Pac. 1028, 139 Pac. 57; *Baker v. Yakima Valley Canal Co.*, 77 Wash. 70, 137 Pac. 342; *Johnsen v. Johnsen*, 78 Wash. 423, 139 Pac. 189, 1200; *Mueller v. Vancouver*, 81 Wash. 384, 142 Pac. 868.

We are not prepared to say that the judgment is not sustained by a preponderance of the evidence. Affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and MOUNT, JJ., concur.