[No. 16335.   Department Two.   September 13, 1921.]

RAGNHILD SCHOBLOM, *Respondent*, v. HUGO A. SCHOBLOM, *Appellant*.[1]

TRIAL (25)—RECEPTION OF EVIDENCE—NUMBER OF WITNESSES—DISCRETION OF COURT. It is not an abuse of discretion to limit the number of defendant's witnesses to four or five in an action for divorce on the ground of cruelty, where the testimony of the witnesses excluded would not have been addressed to a direct refutation of plaintiff's charges, but would have been confined to the fact that they had seen nothing wrong in the conduct of defendant.

NEW TRIAL (8)—PREJUDICE OF JUDGE—TRIAL DE NOVO. A divorce action being triable de novo on appeal, the fact that the trial judge may have been prejudiced against appellant affords no ground for awarding a new trial.

Appeal from a judgment of the superior court for King county, Ronald, J., entered August 2, 1920, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*Thos. R. Horner,* for appellant.

*Carl J. Smith,* for respondent.

MAIN, J.—This is a divorce action. In the complaint the plaintiff made certain specific charges of cruelty against her husband, the defendant. In the answer these charges were denied. The trial resulted in findings of fact, conclusions of law and a judgment

[1]Reported in 200 Pac. 579.

sustaining the plaintiff's right to a divorce. The defendant appeals.

The appellant first complains that, upon the trial, he was not permitted to offer the testimony of all the witnesses who had been subpoenaed to testify in the case. Of approximately the twenty-eight witnesses which he had subpoenaed, the court received the testimony of only four or five. When the respondent was upon the stand testifying in her own behalf, and during the cross-examination which was somewhat extended, the trial court became aware of the number of witnesses that was likely to be offered by the respective parties, and especially by the appellant, and indicated some impatience at the slow progress of the trial and the length of time it would take if the testimony of all the witnesses was heard. After three witnesses had been sworn and testified in behalf of the respondent in addition to her own testimony, the trial judge announced that he would not go further into the respondent's case at that time but would hear from the defense. After four or five witnesses had testified for the appellant, the court announced that he did not care to hear further testimony. The appellant's counsel advised the court at the time that there was a large number of witnesses present who were acquainted with the parties and that they had not seen anything wrong in the conduct of the appellant. Subsequently a motion for a new trial was made, supported by an affidavit of the appellant in which was briefly detailed facts which the witnesses present in court on the day of the trial but not heard would have testified to had their testimony been taken. These witnesses, generally speaking, were friends and neighbors, and their testimony would have been generally to the effect that the appellant was of a kindly disposition and that they

had never observed or heard that there was any domestic infelicity between the parties. The respondent had supported her specific charges of cruelty by direct testimony other than that of herself.

Reversal of the case is sought because the trial judge declined to hear the witnesses subpoenaed by the appellant.

The rule in such cases is as stated in *Johnsen v. Johnsen*, 78 Wash. 423, 139 Pac. 189, 1200, that the trial court may, in the exercise of a discretion, limit the number of witnesses that may be called upon a particular issue, but that this discretion does not clothe the court with arbitrary power to deny a litigant the right to offer testimony which reasonably tends to support his theory of the case or disprove the theory of his adversary. Applying this rule to the facts in the present case, it cannot be said that the trial court abused its discretion and acted in an arbitrary manner in declining to hear all the witnesses subpoenaed by the appellant to testify in his behalf. The testimony of these witnesses, as indicated by the affidavit, would have been negative in character and was not testimony which would have directly refuted the charges made in the complaint and which was supported by the testimony offered by the respondent.

It may be added that, in our opinion, had the court heard the testimony of the witnesses as it is set out in the affidavit, the result of the trial could not have been different. The case is tried here *de novo,* and considering the facts stated in the affidavit, together with all the testimony in the case, it seems to us that the respondent was entitled to prevail.

The appellant also complains that he did not have a fair trial because the judge before whom the case was tried was prejudiced against him, as indicated by

the remarks made during the progress of the trial. These remarks, however, we think do not show that the trial judge was prejudiced for or against either party to the suit. And even though he were, this would not necessarily be a reason for granting a new trial in the case, which is heard here *de novo*. It would serve no useful purpose to set out in detail the facts bearing upon the domestic infelicity of the parties to this action. It is sufficient to say that the trial judge did not abuse his discretion and act in an arbitrary manner in declining to hear all of the appellant's witnesses, and that the judgment entered was such as it should have been. Affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and TOLMAN, JJ., concur.