[No. 16695.   Department Two.   November 17, 1921.]

ALBERT BRYAN *et al., Respondents,* v. S. W. BLODGETT
*et al., Appellants.*[1]

HIGHWAYS (57)—USE—NEGLIGENCE—EVIDENCE—SUFFICIENCY. In
an action for personal injuries sustained through being struck by an
automobile on a public highway, the evidence sufficiently supports
the court's finding of excessive speed on the part of the automobile,
where it appears that the highway was paved with brick to a width
of eighteen feet, but on either side was a dirt roadway; that plain-
tiff was hastening across the paved portion from an automobile
from which he had alighted and when at a point in the highway
between ten and fifteen feet from the edge of the highway pave-
ment, was struck by a car coming from the opposite direction, which
had left the paved road at a point seventy-five feet distant from
the place of collision in an apparent effort to pass in front of the
plaintiff.

APPEAL (418)—REVIEW—FINDINGS. Upon a close question of fact,
the judgment of the trial court in a case tried without a jury is
entitled to weight, and will not be set aside on appeal unless it is
clear that it is not sustained by a preponderance of the evidence.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered April 20, 1921, upon
findings in favor of the plaintiffs, in an action for per-
sonal injuries sustained through collision with an auto-
mobile. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.
*John W. Whitham,* for respondents.

MACKINTOSH, J.—The North Trunk highway runs in
a northerly direction from the city of Seattle, and is
paved with brick to a width of eighteen feet. On the
westerly side, in front of the residence of the respond-
ents, the right of way is filled in with dirt to a level with
the paved portion of the highway, for the full distance
of thirty feet to the respondents' property line. At

[1]Reported in 201 Pac. 758.

about six o'clock on the clear evening of January 19, 1921, the respondent was taken from his place of work in the city in an automobile of one of his neighbors. When this machine reached a point opposite the respondents' residence, it was stopped on the east side of the pavement, a portion of the automobile being off the pavement. The respondent alighted from the west side and hastened across the paved portion of the roadway towards his home, and, at a point from ten to fifteen feet west of the edge of the pavement, was struck by an automobile coming from the south, which was owned and operated by the appellants. For the injuries sustained the respondent was awarded $1,500 by the court, which tried the case without a jury. From this judgment, this appeal is brought.

It is the claim of the appellants that the evidence does not establish their negligence, and that, in any event, the respondent's conduct was such as to amount to contributory negligence. The evidence indicates that the dimmers and the spot light were burning on the appellants' car, and that the respondent, when he alighted from his friend's automobile, saw the lights of the appellants' approaching car, and proceeded towards his home without anticipating that the appellant would run him down. The appellant saw the respondent in the roadway, and turned from the paved portion of the roadway in the expectation of being able to pass in front of the respondent. He says that he applied the brakes immediately and did everything possible to avert a collision. The testimony shows that the appellants' car left the pavement fifty-five feet from the place where the respondent was struck, and from the marks left in the earth it is indicated that, for this entire distance, the brakes were rigidly set. From the angle at which appellants' car left the highway it necessarily appears that the point at which the appellant

discovered the respondent's presence was some distance south of that point.

From all of this testimony it is impossible for this court to say that the trial court's finding of fact that:

"At said time said defendant was driving said automobile at an excessive rate of speed, and was driving the same without regard for the safety and life of the plaintiff or other persons."

is not supported by the evidence, and it is equally impossible to disagree with the court's findings that the respondent was not guilty of contributory negligence. Although this case was tried without a jury, and is before us upon its facts, it presents a close question of fact, and, as we said in *Laughlin v. Seattle Taxicab etc. Co.*, 84 Wash. 342, 146 Pac. 847:

"Upon a close question of fact, the judgment of the trial court is entitled to weight, and will not be set aside unless we can say that it is not sustained by a preponderance of the evidence. *Borde v. Kingsley*, 76 Wash. 613, 136 Pac. 1172; *Zizich v. Holman Security Inv. Co.*, 77 Wash. 392, 137 Pac. 1028, 139 Pac. 57; *Baker v. Yakima Valley Canal Co.*, 77 Wash. 70, 137 Pac. 342; *Johnsen v. Johnsen*, 78 Wash. 423, 139 Pac. 189; *Mueller v. Vancouver*, 81 Wash. 384, 142 Pac. 868."

Judgment affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.