## Moore v. Moore.

*Divorce—Cruel and barbarous treatment and indignities—Condonation—Revival of cause of action by subsequent cruelty—Proceedings on original libel.*

1. Where a wife files a libel in divorce upon the ground of cruel and barbarous treatment and indignities to her person, and thereafter becomese reconciled to her husband and returns to him with the intention of giving him another chance, instructing her attorney to drop the case temporarily, the condonation is conditional upon his future good behavior, and upon his again giving her ground for divorce for cruel and barbarous treatment and indignities to her person, she may proceed with the action already commenced.

2. Condonation of the violation of the marital duties and obligations being conditional upon the future good conduct of the offending spouse, a subsequent offence on his or her part revokes and nullifies the condonation and revives the original offence as a cause of action.

*Freeston v. Freeston, 23 Dist. R. 219, overruled.*

Exceptions to report of master in divorce. C. P. No. 5, Phila. Co., June T., 1921, No. 5720.

*Jesse Finn,* for plaintiff; *P.P.,* for defendant.

SMITH, J., April 9, 1926.—The causes of action in this case are (*a*) cruel and barbarous treatment, and (*b*) indignities to the person.

The libellant and respondent were married on Sept. 15, 1920. On Dec. 3, 1920, they separated. The libellant went away and did not return until Jan. 23, 1921. On May 13, 1921, the libellant again left the respondent and did not return until March 13, 1922. On May 5, 1922, the libellant finally left the respondent.

The evidence discloses that from the time of the marriage the libellant was employed; that the first time she left the respondent it was due to the fact that he threatened to kill her; that after her first return he struck her and continually threatened her with a revolver; that he also strangled her.

The libellant, on July 20, 1921, executed her libel, which was filed the same day, but shortly afterwards she agreed to give the respondent another chance and instructed her counsel to drop the case temporarily. She returned to the respondent March 13, 1922, and continued to live with him, with the exception of a few weeks when she was ill, until May, 1922.

The testimony is to the effect that during the last time they lived together the respondent continued to treat her badly, cursing her, calling her names, threatened her with a revolver on many occasions, choked her several times, and that, as a result thereof, she became nervous and ill, and on May 5, 1922,

Moore v. Moore.

was forced to leave him. She has since had no intercourse with him nor lived with him.

The master finds that the course of conduct of the respondent establishes a case of cruel and barbarous treatment, but that, following the case of Freeston v. Freeston, 23 Dist. R. 219, he finds the discontinuing of the action, as started on July 20, 1921, amounts to an abandonment and recommends the dismissal of the libel.

The question: Does the resumption of marital relations, after the filing of the libel, effect an abandonment of the action for divorce was most carefully considered by the learned master. There is no doubt that if the theory of the law as enunciated by Freeston v. Freeston be correct, the master was justified in recommending that the libel be dismissed.

It would seem an anomalous condition if in one case where the wife forgives her husband his cruel and barbarous treatment and goes back to him and there is a recurrence of the same conduct, that she may maintain a good cause of action against him, and in a case like the present, where, in addition to effecting a conditional condonation, she stays progress on the divorce action brought, she is, by reason thereof, when there is a recurrence of cruelty, denied the right to proceed on the old cause of action.

The only statute on the subject of condonation in Pennsylvania is that of March 13, 1815, 6 Sm. Laws, 286, 1 Purdon, 1246, § 7. This statute has no application to a cause of action based upon cruel and barbarous treatment.

An examination of the cases in Pennsylvania shows a seeming conflict growing out of the consideration of the question as to whether a reconciliation in a cruel and barbarous treatment case amounts to either an actual condonation or an abandonment of the cause of action, or is merely a conditional condonation.

In Hollister v. Hollister, 6 Pa. 449, Coulter, J. (page 454), said: "We are of opinion that the facts connected with the reconciliation after the last acts of violence proved to have been committed in Pennsylvania, and subsequent cohabitation, are not a bar to a divorce for acts of cruelty, violence and outrage committed before the reconciliation."

In Gauntt v. Gauntt, 16 Dist. R. 135, the reconciliation occurred before the suit for divorce was instituted and no repetition of the acts of cruelty occurred after the reconciliation. The court held: "That such acts as in cases of adultery amount to legal condonation are in other cases merely evidence tending to show the fact of reconciliation or settlement of difficulties;" but that "all such settlements, when proved, are upon condition that the party forgiven shall thereafter behave properly, and a failure so to do revives the original right of the injured party to complain."

As long as it is clear that the effort on the part of the libellant is a bona fide one to overlook his offences and give him another trial based upon the condition of no recurrence of cruelty, it should not be held against her. Every effort should be made to sanction an honorable reconciliation. If the effort is made in good faith and her confidence in him is proved mistaken by his subsequent conduct and the condition is broken or disregarded, she surely should not be penalized for her trust and patience. Even though the evidence of his conduct subsequent to the filing of the libel may not be evidence to support the cause of action as such, it may be admissible to show in corroboration what type of character the respondent may have been and that there has been a breach of the conditional condonation. From the standpoint of public policy, it is preferable to hold the gate open so that parties to causes of action like this one may be reconciled and consider the reconciliation as a conditional

Moore v. Moore.

condonation rather than shut it so that, if a suit in divorce is once instituted, it must be carried on to a conclusion or dropped absolutely.

In Lacock v. Lacock, 74 Pa. Superior Ct. 378, Orlady, J., held: "When, after a reconciliation, there are indications of a disregard of promises made and some ill-usage shown, the wife is not bound to wait for a repetition of the conduct complained of. She may act in the light of her former experience, and the whole of the husband's conduct may be taken into consideration in determining whether there is a justification for her departure from her home. This is the doctrine of Hollister v. Hollister, 6 Pa. 449, and Augenstein v. Augenstein, 45 Pa. Superior Ct. 258, in which President Judge Rice reviews the law on this subject. If the respondent had reasonable grounds to apprehend a continuance of the former conduct of her husband, the fact that she returned to him in 1912 does not estop her from relying on that conduct in justification of her action. The effect of condonation of adultery as expressed in the statute does not apply to condonation of cruelty or indignities to the person. If such were the case, the fact that a wife continued to live with her husband after he had subjected her to physical violence or to repeated indignities would prevent her from taking advantage of the statute intended to relieve in such a situation. It is necessary to show a course of conduct to make out a case of cruelty or indignities to the person, unless in a single instance of extreme cruelty, and a course of conduct is only exhibited through an interval of time. In the absence of a statutory prohibition a wife is not to lose her day in court because, through affection, or the interest of her children, or the reputation of the family, she is disposed to make another effort to avoid a domestic wreck."

In Bortell v. Bortell, 78 Pa. Superior Ct. 201, 202, Orlady, J., held:

"The statement of the question involved, as submitted by the appellee, fairly presents the question in this case. Where a husband is compelled to leave his wife because of her treatment amounting to cruelty and indignities within the terms of the statute, and they are afterward reconciled and live together, when he is again compelled to leave her because of the recurrence of similar actions; first, does the reconciliation amount to a condonation of the wife's conduct previous to the first separation so as to prevent its being considered in the divorce? Second, should the court passing upon such a situation consider the entire married life of the parties, both before and after the reconciliation." And on page 203:

"Too much stress is placed on the effect of the word condonation. It was effective as of the date of the renewal of the relations of husband and wife, but it did not cancel the existence of facts well known to both of the parties to this controversy."

In a number of other jurisdictions it has been decided that in actions brought upon the grounds of cruel and barbarous treatment there may be a conditional condonation of acts of cruelty, and that after a reconciliation fresh acts of cruelty will revive the older acts of cruelty. This is so in cases where a suit for divorce was instituted prior to the reconciliation, as well as in cases where there was only a reconciliation after a leaving because of actions of cruelty. In all cases of this character, where the injured party returns to the common habitation, the basic reason is that there shall be no recurrence of the acts of cruelty. It is a conditional condonation. If there is a recurrence of such actions, the condition is broken and disregarded.

In the case of Harn v. Harn, 155 Ga. 502, subsequent to the filing of a suit for divorce alleging cruel treatment, upon promises made by the respondent that if his wife would return he would treat her kindly, she returned. Within

a very short time after the reconciliation the respondent committed acts of cruelty upon his wife. The wife left him and proceeded with her original cause of action. In Georgia there is an act of assembly (section 2948 of the Civil Code): "If there has been a voluntary condonation and cohabitation subsequently to the acts complained of and with notices thereof, then no divorce shall be granted." Even with such a statute in force, the court held that this condonation was conditional. Beck, P. J. (page 504), said:

"'Condonation is a conditional forgiveness on a full knowledge of all antecedent guilt: Bramwell v. Bramwell, 5th Eng. Eccl. Rep. 232. After a reconciliation fresh acts of cruelty will revive acts of cruelty and also of adultery: Worsley v. Worsley, 6th Eng. Eccl. Rep. 249.' And in the case of Ozmore v. Ozmore, 41 Ga. 46, it was said: 'But it is replied that the declaration shows a condonation of this act and that the parties lived together as husband and wife for months after this cruelty was inflicted. This is true, but the declaration also alleged that this condonation was on condition that he would never molest or maltreat her again, and that he afterwards not only cursed and abused her, but that he, without cause, accused her of criminal sexual intercourse with other men; and when she was in an advanced stage of pregnancy by him and was almost ready to be confined, that he ordered her to leave his house and take her children with her, as he would not work for her and them any longer; and that, becoming alarmed for her personal safety and life, she took her children, left his home and went to her people. If there was a condonation on the condition stated, we hold that those acts were a clear violation of that condition.' 'If after the condonation the conduct of the husband is such as to revive the condoned acts and give her a right to assert them, she is not debarred from so doing, nor is she prevented from setting up misconduct on his part after the condonation for the consideration of the jury in determining whether a divorce should be granted:' Davis v. Davis, 134 Ga. 804 (68 S. E. Repr. 594, 30 L. R. A., N. S., 73, 20 Ann. Cas. 20).

"The fact that suit was pending at the time of the alleged condonation could not in itself have the effect of depriving the petitioner of her right to proceed with the suit and press it to a conclusion after a violation by the husband of the conditions upon which the wife had returned to him and resumed the marital relation."

The question of conditional condonation has been considered by other jurisdictions. The case of Egidi v. Egidi, 37 R. I. 481, reviews several decisions on this subject. Baker, J. (page 486), said:

"Upon this finding of fact the defence of condonation falls, as the parties have not lived together since the last act of cruelty. It is not necessary to cite cases to show this, as the definition above quoted points out the conditional character of the forgiveness, as well as the effect of a breach of the condition. But the case of Sewall v. Sewall, 122 Mass. 156, with the cases therein cited, well illustrates the matter. In that case the wife had previously filed a petition for divorce on account of adultery. While the case was pending she and her husband made a settlement of their former troubles, in fulfillment of which she dismissed the petition and agreed to, and did, live with him on condition of his conducting himself in a proper marital manner. On a repetition of his offence afterwards, in subsequent proceedings for divorce, it was held that such dismissal, agreement and condonation did not bar the wife from seeking a divorce for either her husband's earlier or his later acts of adultery.

"As to the present case, therefore, it is unquestionably true, after what has been said, that upon the wife's leaving her husband on Aug. 7th or 8th she

was then free to begin proceedings for divorce on the ground of extreme cruelty and to prove in support thereof any such acts prior to the filing of her petition. In other words, her right of action existed as fully as if the question of condonation had never arisen.

"The only question remaining is whether, under the facts found to exist in the present case, the petitioner could rightfully proceed and obtain a divorce under the petition signed Aug. 4th. In other words, was the petition in effect abated by anything which was shown to have occurred after its signing? It does not seem necessary to so hold. In principle we do not see why the petitioner may not proceed with her present petition. She must, of course, obtain the decree, if at all, upon acts of the respondent committed by him before she filed her petition, but when at the trial the defendant set up the defence of condonation by her conduct since such filing, there would seem to be no good reason why, in reply, she might not present evidence of his conduct which, if established, would defeat such defence. If he was permitted to show her conditional forgiveness, in fairness she should be permitted to show a breach of the condition. There are not many cases on the precise point. In Douglass v. Douglass, 81 Iowa, 258, which was a petition for divorce on account of cruel treatment, the court, on page 266, says: 'There is a claim of condonation because of cohabitation after commencement of this suit. The claim has no support in the record because of the after-conduct of the defendant.' The record shows a repetition of cruelty after cohabitation."

Voluntary cohabitation with complete forgiveness is generally held to condone prior cruelty so long as the offence is not repeated: Price v. Price, 127 Ark. 506, 192 S. W. Repr. 893; In re Adams, 161 Iowa, 88, 140 N. W. Repr. 872; Estee v. Estee, 34 Okla. 305, 125 Pac. Repr. 455; Murchinson v. Murchinson (Tex.), 171 S. W. Repr. 790; Johnsen v. Johnsen, 78 Wash. 423, 139 Pac. Repr. 189, rehearing denied, 78 Wash. 427, 1200; Timms v. Timms, 15 British-Columbia, 39; Brizard v. Brizard, 24 Manitoba, 119.

In Mandelin v. Mandelin, 120 Minn. 198, 139 N. W. Repr. 152, it was said: "When not covered by statute, the rules of the common law prevail and condonation applies to all charges of matrimonial misconduct, including cruel and inhuman treatment. In cases involving the latter, a continuance of the marital relations does not necessarily constitute an absolute condonation of preceding acts of cruel treatment. The law of condonation rests (1) upon the express or implied forgiveness by the injured party; and (2) the express or implied promise of proper treatment by the other. If the improper or cruel treatment continues, there is no condonation." Am. & Eng. Ann. Cas., 1918 A, page 656.

Condonation of the violation of the marital duties and obligations being conditional on the future good conduct of the offending spouse, a subsequent offence on his or her part revokes or nullifies the condonation and revives the original offence as a cause for divorce: Hartl v. Hartl, 155 Iowa, 329, 135 N. W. Repr. 1007; Wellman v. Wellman, 178 Mich. 107, 144 N. W. Repr. 493; Eistedt v. Eistedt, 187 Mich. 371, 153 N. W. Repr. 676; Weber v. Weber, 195 Mo. App. 126, 189 S. W. Repr. 577; Kennedy v. Kennedy (Mo.), 182 S. W. Repr. 100; Elder v. Elder (Mo.), 186 S. W. Repr. 530; Kostachek v. Kostachek, 40 Okla. 747, 140 Pac. Repr. 1021. And see the reported case. As was said in Meek v. Meek, 186 Mo. App. 703, 172 S. W. Repr. 1154: "When the promise is broken, so likewise is the condonation." So, in Moore v. Moore (Mo.), 186 S. W. Repr. 541, the rule was stated as follows: "The mere fact that a wife continues to live with her husband after he has committed acts giving her

grounds for divorce does not constitute an absolute condonation of such offences. If she is induced to do so by the express or implied promise of the husband to cease his bad conduct and treat her as a husband should, or if she concludes to suffer in silence and to endure past offences, in the reasonable hope that they will not be repeated, rather than sever the marital ties, she is not thereby, in case the husband does continue his bad conduct or furnishes fresh offences against his marital duties, precluded from bringing forward such past offences in her suit for divorce." Am. & Eng. Ann. Cas., 1918 A, page 657.

Averbuch v. Averbuch, 80 Wash. 257, Ann. Cas., 1916 B, 873, 141 Pac. Repr. 701, wherein it was said: "It is elementary law that in divorce actions, as in all others, a judgment is final and conclusive upon all questions which were or might have been litigated. . . The respondent argues that, because in divorce actions an act once condoned may be re-examined in case of subsequent misconduct, the same principle applies to a judgment. The difference is that the injury shall not be repeated, and on breach of this condition the right to a remedy for former injuries revives: . . . whereas, the rule with respect to judgments is that a case once decided is finally decided, subject only to the right of review in some method prescribed by law. The court should have limited the testimony to the acts and conduct of the appellant subsequent to the entry of the former judgment." Am. & Eng. Ann. Cas., 1918 A, page 658.

The consideration of the return of an injured spouse in a cruel and barbarous treatment case as evidence of an attempt at a reconciliation as a conditional condonation, and not as an absolute condonation or abandonment, would establish a means for reconciling a conflict which, at first glance, appears to exist in this class of cases in Pennsylvania.

In weighing the evidence to determine whether there has been an abandonment, a condonation or a conditional condonation by the libellant, regard should be had to the length of time that has elapsed from the date of the reconciliation between the parties and the time when the libellant, by reason of some alleged breach of condition, has manifested by some overt act a desire to renew the application for a divorce. The length of time is most material and must be reasonable under the circumstances.

While cohabitation continued for a period of about fifteen months after ill-treatment implies a forgiveness of such treatment, and a purpose of the plaintiff to renew conjugal relations with the defendant and to trust to his good treatment in the future, the court will not grant a divorce for the ill-treatment, if, in the interval, the defendant treats his wife kindly and gives no further cause of complaint; but if she has occasion to complain of his treatment afterward, she is not debarred the right to refer to such prior ill-treatment and bring the same forward as a part of her ground for the belief that she cannot safely continue to cohabit with him. Her case rests, under such circumstances, upon all his conduct toward her during their married life and not upon any single act: Davies v. Davies, 55 Barb. (N. Y.) 130, 37 How. Pr. 45. Am. & Eng. Cas., 1912 C, page 16.

Cohabitation for a period of three years subsequent to and pending acts of cruelty and during a period of habitual drunkenness is held in Guthrie v. Guthrie, 26 Mo. App. 566, not necessarily condonation in contemplation of law. Am. & Eng. Ann. Cas., 1912 C, page 16.

The defence of condonation, because of cohabitation after the commencement of an action for divorce upon the ground of cruelty, has no application where the proof shows subsequent cruel and inhuman treatment: Douglass

*v.* Douglass, 81 Iowa, 258, 47 N. W. Repr. 92; Am. & Eng. Cas., 1912 *C*, page 16.

We follow the reasoning of the learned master and hold that the resumption of marital relations had only evidential value and that libellant's statement that she had dropped the case temporarily meant that her intention was to suspend the application for relief upon the condition that the respondent treat her properly as he promised, and that, by his failure to keep that promise or condition, he has lost any benefit that might have accrued to him by reason of what libellant did in reliance upon that promise or condition.

We will, therefore, not follow the case of Freeston *v.* Freeston, 42 Pa. C. C. Reps. 6, 23 Dist. R. 219, decided fourteen years ago, but will be in accord with the theory of the law as decided in the cases *supra*.

The exceptions are hereby allowed and the divorce is granted.