# Mamaux, Appellant, *v.* Mamaux.

*Divorce—Cruel and barbarous treatment—Evidence.*

A husband will be granted a divorce on the ground of cruel and barbarous treatment, where the evidence shows that the wife assaulted him twice, one of the assaults being of a violent nature; that she bought a horsewhip to use on him; that she filed a proceeding in divorce which she discontinued; that she filed a petition in lunacy which she also discontinued; that she filed an information charging him with a statutory offense, but abandoned it; and that she had sought to have reinstated a criminal proceeding instituted against him by another party, in which a nolle prosequi had been entered.

Argued May 2, 1916. Appeal, No. 114, April T., 1916, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1915, No. 614, refusing a divorce in case of John J. Mamaux v. Julia V. Mamaux. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assignment of Error—Opinion of the Court. [64 Pa. Superior Ct.

Libel for divorce on the ground of cruel and barbarous treatment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the decree of the court refusing divorce.

*Leonard S. Levin,* for appellant.—Libellant was entitled to a decree: Jones v. Jones, 66 Pa. 494; Heilbron v. Heilbron, 158 Pa. 297; Barnsdall v. Barnsdall, 171 Pa. 625; Fay v. Fay, 27 Pa. Superior Ct. 328; Schulze v. Schulze, 33 Pa. Superior Ct. 325; Shaw v. Shaw, 36 Pa. Superior Ct. 122; Russell v. Russell, 37 Pa. Superior Ct. 348; Egolf v. Egolf, 53 Pa. Superior Ct. 254.

*Henry Meyer,* with him *Harold Allen,* for appellee.— The question of bodily harm was treated in Rochelle v. Rochelle, 28 Pa. C. C. 458, which bears striking resemblance to the present case.

OPINION BY WILLIAMS, J., July 18, 1916:

This was an appeal from a decree refusing a divorce. The libel charged cruel and barbarous treatment of the libellant by his wife. The record comprises 800 printed pages, all of which has been carefully read. It contains much that is immaterial. The salient facts are: (1) That the respondent on June 14, 1913, at the place of business of the libellant, threw her umbrella at him; (2) At an hotel in the City of New York on October 15, 1914, she again assaulted him with an umbrella; (3) That after he had withdrawn from his home the wife had him followed and watched by detectives who from time to time made to her reports, many of which had no foundation in fact, of her husband's doings; (4) That she filed a proceeding in divorce a mensa et thoro which she discontinued; (5) That she filed a petition against him alleging his incapacity to run his business, charging him with gross immorality and that he was suffering from an advanced

stage of paresis, which proceeding was also discontinued; (6) That she filed an information against him charging him with adultery but did not have him arrested and abandoned the charge; (7) That in a proceeding by another party (who charged him with adultery upon information supplied him by a detective hired by the wife, failed to produce witnesses to prove the charge, whereupon a nolle prosequi was entered) she sought to have the case reinstated against her husband; (8) That upon one occasion she purchased a horsewhip to use upon a female clerk, employed at the libellant's place of business, and in the event of her husband interfering she intended to use it on him.

The master to whom the case was referred reported as facts that there were two assaults committed, one at his store and the other at the hotel. He says "that the assault alleged to have been committed in libellant's store on June 14, 1913, was so committed the master is convinced, although not in as aggravated form as indicated by libellant's testimony." As to the assault committed October 15, 1914, he says the "respondent admits the assault, the only question is as to the severity of it...... respondent rushed toward him......immediately striking libellant with the handle of the umbrella she was carrying. She struck libellant eight or ten quick nervous blows on the shoulder, forearm, elbow and wrist. She then grabbed him by the collar with her hands against his throat, exclaiming as she did so: 'You dirty brute, you are here with another woman.' She still held him until separated by a house officer of the hotel." The blows were "heavy quick blows. Respondent is a large woman weighing two hundred pounds and the libellant about one hundred and fifty pounds and the blows were undoubtedly dealt with force upon the libellant. His arm and hand were bruised and discolored from the blows and he was unable to use his arm for a week."

The cruel and barbarous treatment defined in the Act of May 8, 1854, P. L. 644, as amended by the Act of June

25, 1895, P. L. 308, is not restricted to acts which necessarily endangered life: Fay v. Fay, 27 Pa. Superior Ct. 328.

In Russell v. Russell, 37 Pa. Superior Ct. 348, we held that personal or physical violence need not be inflicted to sustain a decree. In Heilbron v. Heilbron, 158 Pa. 297, there was no finding of actual personal violence to the husband but the decree was granted. In the case at bar we have a series of humiliating offenses; and as found by the master; two acts of actual personal assault—one of them of a violent nature—not denied, but sought to be excused by the master and the court below upon the ground of the jealousy of the wife and her belief in, but not knowledge of, her husband's misconduct.

As stated before, we have read the entire record and are unable to reach the conclusion arrived at by the master and the court below. We think a clear case for the libellant has been sufficiently charged and proven, therefore, the judgment of the court below is reversed and the record remitted for the entry of a decree in favor of the libellant as the law directs.

Decree reversed and a procedendo awarded.