## Williams *v.* Williams, Appellant.

*Divorce—Indignities to person—Life burdensome.*

A husband is entitled to a divorce where he shows by competent testimony that his wife persistently and for a long period of time acted in a highly excitable and hysterical way, used disagreeable and abusive language toward the libelant, threatened him with a knife several times and behaved in a violent and vindictive manner toward him.

Argued April 22, 1919. Appeal, No. 52, April T., 1919, by respondent, from decree of C. P. Fayette County, June T., 1916, No. 344, awarding divorce in case of Josiah V. Williams v. Martha I. Williams. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Libel for divorce. Before VAN SWEARINGEN, P. J.

From the record it appeared that the libelant and respondent were married on May 19, 1915, when the libel-

ant was 67 years old and the respondent 42 years old. That shortly after their marriage the respondent began to act in a highly excitable and hysterical manner, frequently used abusive language, when addressing the libelant, and threatened to kill or poison him at various times.

The testimony of the libelant was denied by the respondent.

The case was referred to Richard W. Dawson, Esq., as master, who recommended that a decree in divorce be entered.

Exceptions to the recommendation of the master were overruled, and a decree entered in accordance with the master's report.

*Error assigned* was the decree of the court.

*George Patterson,* for appellant.

*Lee Smith,* for appellee.

PER CURIAM, July 17, 1919:

The master appointed in this case discharged his duties with exceptional care and fidelity. His recommendation is fully warranted by the clearly established facts in the case, which after being fully considered by the court were approved and a decree of divorce entered, the only assignment of error being the making of the decree. We have carefully examined all the testimony in this case and concur in the conclusion reached by the master and the court below.

The decree is affirmed.