# Bortell *v.* Bortell, Appellant.

*Divorce — Cruel and barbarous treatment — Indignities — Condonation.*

In an action for divorce on the grounds of cruel and barbarous treatment and indignities to the person, a reconciliation does not have the effect of a condonation, in the sense of cancelling the existence of facts well known to both parties. The alleged condonation is only one of many items to be considered in making the final decree.

Argued October 12, 1921. Appeal, No. 107, Oct. T., 1921, by respondent, from decree of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 1907, granting a divorce a vinculo matrimonii in the case of Elmer E. Bortell v. May T. Bortell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce on the grounds of cruel and barbarous treatment and indignities to the person. Before SHOEMAKER, J.

The case was referred to John E. Walsh, Esq., as master, who found that the respondent had been guilty of misconduct toward the libellant, consisting mostly of the calling of names and the throwing of china, glassware, brushes and such articles at him, but, in view of the subsequent reconciliation of the parties, the master recommended dismissal of the libel and a refusal of its prayer. After exceptions, the case was referred back to the master, and, after further hearing, he recommended a decree in favor of the libellant.

Exceptions to the report of the master were dismissed, and the rule made absolute. Respondent appealed.

*Errors assigned* were in dismissing exceptions to the master's supplemental report, referring the case back to the master, and in entering a decree for libellant.

*Joseph Newman,* and with him *William J. Lawson,* for appellant.—Separation is not to be tolerated for light causes, and all causes are light which the law does not recognize as grounds for the dissolution of the marriage bond: Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290.

The case is one of domestic infelicity, but does not present a case of cruel and barbarous treatment which rendered conditions intolerable: Hahn v. Bealor, 132 Pa. 242; Hexamer v. Hexamer, 42 Pa. Superior Ct. 226; Whiffen v. Whiffen, 72 Pa. Superior Ct. 593.

*Joseph M. Smith,* for appellee.—Where the conduct of a wife shows a settled hatred of her husband, manifesting itself in vile and abusive language, threats and actual violence, a divorce will be decreed, though actual danger to life is not shown: Williams v. Williams, 72 Pa. Superior Ct. 75; Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Egolf v. Egolf, 53 Pa. Superior Ct. 254.

OPINION BY ORLADY, P. J., March 3, 1922:

The statement of the question involved as submitted by the appellee fairlv presents the question in this case. Where a husband is compelled to leave his wife because of her treatment amounting to cruelty and indignities within the terms of the statute, and they are afterward reconciled and live together, when he is again compelled to leave her because of the recurrence of similar actions; first, does the reconciliation amount to a condonation of the wife's conduct previous to the first separation, so as to prevent its being considered in the divorce? second, should the court passing upon such a situation, consider the entire married life of the parties, both before and after the reconciliation?

The libel in this case was filed by the husband, and after considerable testimony had been taken, the master filed his report with findings of fact and conclusions of law, recommending the dismissal of the libel and a re-

fusal of its prayer. Exceptions were then filed and after argument the case was referred back to the master. After further hearing, a supplemental report was filed in which the master recommended that a decree in divorce —a vinculo matrimonii—be entered in favor of the libellant. Exceptions to this report were filed, when, after consideration the court below dismissed them, and approved the report of the master, when the rule for a divorce was made absolute.

The original and supplemental report of the master are to be considered together, and the pertinent facts developed by the testimony are to determine the validity of the decree entered. Too much stress is placed on the effect of the word condonation. It was effective as of the date of the renewal of the relations of husband and wife, but it did not cancel the existence of facts well known to both of the parties to this controversy. The same question was carefully considered by this court in Augenstein v. Augenstein, 45 Pa. Superior Ct. 258, in which we held "The fact that the wife, who has been subjected to such a course of ill usage as is described in the case at bar, is impelled by her forbearing disposition, or by necessities, or the hope of her husband's reformation, to submit to it for a longer time than some other women might, or than any woman ought to be compelled to do, does not militate against the conclusion that her condition was intolerable. Nor would the fact that there was a reconciliation, and a resumption of marital relations that had been broken off conclusively show that his previous treatment of her had not been such as to render her condition intolerable. The same credible motives that impelled the wife to submit for a long time to it might also impel her, as the libellant in the present case expresses the thought, 'to give him another chance.' "

After taking additional testimony and reviewing it, the master concluded that it was necessary to view the case from an entirely different standpoint from that

when the first report was made.  The conclusion reached by him and the trial judge is fully supported by our own cases of Fay v. Fay, 27 Pa. Superior Ct. 328; Mamaux v. Mamaux, 64 Pa. Superior Ct. 131; Russell v. Russell, 37 Pa. Superior Ct. 348; Williams v. Williams, 72 Pa. Superior Ct. 75; Hexamer v. Hexamer, 42 Pa. Superior Ct. 226.  The alleged condonation in this case was only one of many items to be considered in making the final decree.

We find no reversible error in the record, the assignments of error are overruled and the decree is affirmed.